The judgment should be reversed.

Judgment reversed, and cause referred back to the referee; costs to abide the event; and either party to be allowed to produce further testimony.

---

### MICHAEL DUFFY *v.* THOMAS McMANUS and another.

The complaint, in a proceeding to enforce a lien under the act for the better security of mechanics and others, is governed by the same general rules applicable to pleadings in ordinary actions.

It is not sufficient to recite the proceedings to acquire and enforce the lien and state the contents of the notice filed with the county clerk.

The complaint must go further, and must itself allege, not only the taking of the statutory proceedings, but the facts constituting the grounds of the alleged claim and showing the plaintiff's right to the remedies provided in the act.

The description, in the complaint, of the premises affected by the lien, must be such as will enable the sheriff, when it shall be inserted in a judgment of sale, to determine the building intended.

Where the street number of the building is omitted, the plaintiff should allege the reason of the omission.

SPECIAL TERM, MAY, 1857.
Before BRADY, J.

DEMURRER to complaint, in an action under the mechanics' lien law of 1851.

The complaint alleged, in substance, that on or about September 16, 1856, the plaintiff filed a mechanic's lien with the

Duffy v. McManus.

clerk of the city and county of New York, specifying that a certain sum was due the plaintiff for mason work and services contributed towards the erection of four buildings "situate in the 10th ward of the city of New York, on the westerly side of Forsyth street, between Hester and Grand streets, in said city," in pursuance of the act for the better security of mechanics, etc., passed July 11, 1851, and acts amendatory and supplementary thereto ; "that such a lien was intended to secure a balance of $1,003 87, as aforesaid, for the said mason work and labor done and performed in pursuance of a contract made with the defendant, Thomas McManus, as contractor for said buildings, by the plaintiff, and also in pursuance of the terms of a contract made between said McManus and the other defendant, as owner." "That said lien was filed against the said McManus as contractor for, and against the other defendant as owner of, the said buildings, for the purpose of securing the amount so due as aforesaid, and within six months after the performance of the said work and labor, and was duly verified." "And this plaintiff further says, that the amount so secured, or intended to be as aforesaid, is still justly due and owing to the plaintiff," and that he has caused to be served, on the defendants personally and severally, the notice prescribed by law to enforce such lien, together with a bill of particulars of his claim ; and that this complaint is made in compliance with the terms of an order duly entered with the clerk of this court on the 6th day of April, 1857, a copy of which has been served on the attorney of the defendants. The complaint contained no other allegations. It concluded with a general prayer for judgment against the defendants for the amount mentioned, and costs.

The demurrer specified, as the grounds of objection, that the complaint did not state facts sufficient to constitute a cause of action against the defendants or either of them, because,

"First. There is no allegation to show that the plaintiff ever did any work, or furnished any materials under circumstances to entitle him to a lien under the law referred to in the complaint.

"Second. There is no allegation to show that the plaintiff ever filed a sufficient or proper notice to give him any lien under the act.

"Third. There is no proper description of the premises upon which said lien is claimed, inasmuch as it nowhere appears that the defendant Brady does not own other property answering to the same general description."

The issue of law formed by the demurrer was argued at a special term.

*Abram V. W. Van Vechten,* for the defendant.

*John O. Rourke,* for the plaintiff.

BRADY, J.—The objection to the complaint in this action, more particularly, is that it is predicated solely on the notice of lien, and contains averments of the contents of the notice, and the object and intent thereof, without averments of the facts alleged in the notice separately and independently in the complaint.

When the complaint in these proceedings is prepared, it must be subjected to the rules of law governing the pleadings in other actions, and should aver that notice was filed, that the defendant is the owner, that the work was done in pursuance of a contract, and in conformity therewith.

The notice should state, among other things, the "situation of the building, by *its* street and number, if the number be known." (§ 6 of act of 1851.) A general statement that the building is situated on the west side of a street, between two streets named, may be sufficient in a notice of lien, on the assumption that the plaintiff did not know the number; but the complaint should enlarge the description in such manner that the sheriff, in the event of the defendant's having more than one building in the locality, would be able to determine by the judgment beyond doubt the premises to be sold.

I think, also, that when the number is omitted, the fact should be alleged that the plaintiff is ignorant thereof.

The complaint is, therefore, defective in not averring the

necessary facts to constitute his cause of action, and in not presenting such a description of the premises affected as would make the judgment of the court effectual, or advise the defendant precisely of the building proceeded against.

For these reasons the demurrer is sustained.

Judgment for the defendant on the demurrer, with liberty to amend on payment of costs of the demurrer.