## MONTROSE v. CONNER et al.

The following notice of mechanic's lien does not contain such a description of the premises as the statute contemplates : A dwelling-house, lately erected by me, for J. W. Conner, situated on Bryant street, between Second and Third streets, in the city of San Francisco, on lot No. ——.

The fact that Conner owned no other building on that street, would not cure the defect.

APPEAL from the Superior Court of the City of San Francisco.

Montrose brought this action against Conner, to recover a claim against him for work and labor on the premises, in San Francisco, for which he had filed a notice of lien, in the office of the county recorder, and made H. R. Payson a party defendant, as a purchaser of the property from Conner's grantee, subsequent to the completion of the work performed by him. Of plaintiff's lien, defendant Payson had no notice, except what was imparted by the record of the following notice :

" Know all men by these presents, that I, John B. Montrose, of the city of San Francisco, intend to hold a lien upon the dwelling-house lately erected by me, for John W. Conner, situated on Bryant street, between Second and Third streets, in the city of San Francisco, on lot ——; the same being to secure the payment of the sum of six hundred and ten dollars, due me for labor and materials, performed and furnished in the construction of said building, the said sum being, by contract, due on the twentieth September, A. D. 1855, at three per cent. per month, until paid.

J. B. MONTROSE. [L. S.]

SAN FRANCISCO, June 28, 1855.

Sworn and subscribed before me, this 29th day of June, A. D. 1855.

[L. S.]                    T. A. LYNCH, Notary Public.

It was proven at the trial that Conner had no other lot or house on Bryant street.

The Court below ordered a sale of the premises, to satisfy the lien. The defendant Payson moved for a new trial, which being denied, he appealed.

*Robert F. Morrison* for Appellant.

The notice of lien was fatally defective, for the reason that it contains no description of the property sought to be charged.

In support of his lien, the plaintiff introduced, in evidence, a notice which described the property as " a dwelling-house, lately erected by me, for John W. Conner, situated on Bryant street, between Second and Third streets, in the city of San Francisco, on lot ——." Now, if such a description as this is a compliance with the terms of the statute, it is difficult to conceive any kind of a description that would not be sufficient. " A dwelling-house on Bryant street, between Second and Third;" not even giving the number of the lot on which the dwelling was constructed. Now, on Bryant street, between Second and Third, there are three one-hundred-vara lots, to wit, eighty-five, eighty-six, and eighty-seven, and the notice of lien does not even inform us what fraction of any one of these three lots, with a front of seven hundred and twenty-five feet on Bryant street, the plaintiff claimed a lien upon. Could anybody have ascertained, from an examination of the record, where the property was that was chargeable with the lien, except that it was somewhere in the city of San Francisco? Now, the law certainly intended, when it required the notice of the lien to be filed, that strangers might know, from an inspection of the record, and without being driven to the necessity of outside inquiries, the exact locality of the property on which the lien was claimed.

The act of April 27, 1855, under which the plaintiff filed his notice of lien, requires that the party " shall also file, at the same time, a correct description of the property to be charged with said lien." See Laws of 1855, 157.

Why require a " correct description " of the property to be filed, but to give notice to the world, on the face of the record itself, of the identical property on which the lien is claimed?

The record is the only evidence that can be used to show a compliance with the requirements of the law, and, if it is defective, in any essential particular, the extraordinary right, which this law confers, does not exist. When a party seeks to maintain this unusual remedy; when he attempts to avail himself of this extraordinary lien, against one who has bought the property in good faith, and paid his money for it, the law should be most strictly construed, and the plaintiff should be held to rigid proof, that he has done all that he ought to have done, to entitle him to condemn the property, for the satisfaction of his claim.

How easy it would have been for the plaintiff to have obtained a "correct description" of the property which he sought to charge with his lien, and how inexcusably negligent he has been in failing to obtain the necessary information; or, if he had it, in failing to place it on the record? To encourage such negligence as this, would be contrary to every principle of law and justice. To hold such a notice as this a compliance with the law, is to defeat its very language, as well as its spirit and meaning, and to remove entirely that protection which it is always the policy of the law to throw around *bona fide* purchasers.

*John Reynolds* for Respondent.

As to the description of the property in the lien, it is proved that Conner had no other house on that street. The only object of a description is to designate the particular property intended by the description. Whether it is sufficient for that purpose, is a fact to be determined like any other fact.

The finding and opinion of the Court finds that, as a matter of fact, it is sufficient, and I think facts proven fully warrant the conclusion.

The testimony of the appellant himself clearly shows that the description was sufficient, if he had gone and looked at the records. He knew the receipt, which was shown him, related to this same property; and that he supposed it was a discharge of respondent's lien, and did not, therefore, examine the records. If he had examined the records, he would have found a lien filed exactly corresponding to the one of which he was apprised by the receipt. But, as the Judge below very properly says, in his opinion, he mistook the legal effect of receiving a draft. He supposed the receiving the draft discharged the lien, whether paid or not.

TERRY, J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action to enforce a mechanic's lien on a house in San Francisco, which was erected for defendant Conner, by plaintiff, who in proper time after its completion, filed in the recorder's office a notice of his lien.

Afterwards Conner sold the premises to defendant, Payson, who purchased *bona fide,* without actual notice of plaintiff's lien, and the question presented by the record is whether the description of the premises contained in the notice of lien filed with the recorder, was sufficient to give constructive notice.

"The act for securing the liens of mechanics and others," provides that every person desiring to avail himself of the benefits of the act, shall file in the office of the county recorder a notice containing a correct description of the property to be charged with the lien.

In the plaintiff's notice, the premises are described as "a dwelling-house lately erected by me for J. W. Conner, situated on Bryant street, between Second and Third streets, in the city of San Francisco, on lot ——."

This is not such a description as is contemplated by the statute ; there are a number of lots on Bryant, between Second and Third streets, to any one of which it would apply as well as to the one in question.

The fact that Conner owned no other dwelling on Bryant street, we think immaterial; besides, it does not appear from plaintiff's notice, nor is it shown that Payson, who is an innocent purchaser, for a valuable consideration, was aware of it.

Judgment reversed, and cause remanded.