# FRANCIS G. LOMBARD

*v.*

# FRANCIS H. JOHNSON *et al.*

1. PARTIES—*mechanic's lien.* Where a contract for the building of a house and the furnishing of the materials therefor was made in the name of one partner, but for the benefit of both, and both performed the labor and furnished materials, it was *held,* that a petition to enforce a mechanic's lien was properly brought in the name of both partners, notwithstanding the written contract was made with one only, the rules of equity governing in such a case.

2. EVIDENCE—*secondary.* Where the copy of a written contract is offered in evidence, the law does not require that the person who made the copy should be produced and sworn before it can be read. It is sufficient if any witness testifies that it is a copy, to admit it in evidence.

3. SAME—*on question of when an alteration was made in a contract.* Where a written contract, when produced, appears to have been changed, a copy taken of the same is admissible in evidence for the purpose of showing that the change was made before its execution.

4. MECHANIC'S LIEN—*proof as to the lots on which the lien is given.* Where a petition for a mechanic's lien showed that the defendant, at the time of making the contract, was the owner of certain described lots, and the contract, which was made a part of the petition, showed that the plaintiff was to furnish the materials, and put up a house for the defendant on his lots in the same town, without describing them, and the petition claimed a lien upon the lots described: *Held,* that these averments were sufficient to authorize a decree for a lien on the lots named; and the answer not denying such ownership, and the proof showing the completion of the building upon the lots of defendant, it was further *held,* that, in the absence of proof that the defendant owned any other lots in the town, the proof was sufficient to authorize the decree giving a lien thereon, especially where the question was not raised in the court below.

5. SAME—*instruction as to performance.* In a proceeding to enforce a mechanic's lien, the court instructed the jury that if they found, from the evidence, that the plaintiffs had done the work, etc., substantially as required by the contract, they should find for the plaintiffs: *Held,* that there was no error in the instruction, and that, as the contract was made a part of the petition, the instruction was not in violation of the rule that a party must recover according to the allegations in his bill.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER & BROWN, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in the circuit court of Morgan county, exhibited by Francis H. Johnson and Floyd Epling against Francis G. Lombard. to enforce a mechanic's lien upon lots 11 and 12, in block 7, in the town of Waverly.

The defendant answered the bill, replication was filed, and a trial was had before a jury, which resulted in a verdict for appellees for $314.91. The court rendered a decree upon the verdict, establishing the lien, and directed the money to be paid within twenty days, and in default of payment, the master in chancery was ordered to sell the premises.

The first question raised by appellant is, upon the decision of the court in admitting in evidence the contract for the erection of the house.

The contract was in writing, and was between Francis H. Johnson of the one part and F. G. Lombard of the other.

The bill having been filed by Johnson and Epling, it is insisted the contract could not properly be admitted in evidence under the averments.

The evidence, however, shows that, at the time the contract was made, Johnson and Epling were partners, and as such they furnished the materials and erected the house to recover pay for which the bill was filed.

A proceeding to enforce a mechanic's lien is, in effect, a suit in chancery, and the rules that govern causes in equity usually control cases instituted under the statute to enforce a mechanic's lien.

The general rule in courts of equity, as to. parties, is, that all persons materially interested in the subject matter ought to be made parties to the suit, either as plaintiffs or defendants. Story's Equity Pleading, sec. 76.

In this case, while the contract was made in the name of one of the appellees, yet it was made for the benefit of both. One was as much interested therein as the other, and, under the chancery practice, it was proper to file the bill in the name of both, and the contract was properly admitted in evidence.

From this it follows that the proof admitted by the court that the work was done by Johnson & Epling was proper, and the second position relied upon is not well taken.

The next question presented by appellant is, that the court erred in admitting in evidence a copy of the contract.

The contract was read in evidence. It appeared, however, to have been changed in regard to the size of certain windows in the building. Appellant claimed the alteration had occurred after the contract had been executed. Appellees insisted that the alteration had been made before it was signed.

For the purpose of showing what the real contract was on the question in dispute, appellant read in evidence a copy of the contract. Appellees also read in evidence what one of them testified was a true copy. It is claimed it should not have gone to the jury without producing the party who copied it from the original, and proving by him that it was a true copy.

This position is not well taken. On a question of this character, we are aware of no rule of law that required the party who made the copy to be produced and sworn before it could be read to the jury. Johnson testified that the paper he produced was a copy of the contract. This was sufficient to permit it to be read in evidence.

It is insisted by appellant that the court erroneously decreed appellees a lien upon lots 11 and 12, block 7, in the town of Waverly, when the bill contained no allegation, and the proof failed to show, the building was erected on these lots. The bill does allege that appellant was, at the time of

making the contract, the owner of lots 11 and 12, block 7, in the town of Waverly, Morgan county, Illinois.

The contract is made a part of the bill, and, among other things. it contains the following: "I, F. H. Johnson. agree to furnish and properly put up and complete, from foundation up. a dwelling house, in the town of Waverly, and on lots belonging to and for F. G Lombard."

The bill also contains this allegation. "Immediately on the making of said contract, your petitioners commenced the work on said building. furnishing for that purpose the character, quality and kind of material provided for in said contract, and have built, and furnished the material for the same, and completed the said building according to the said contract."

In the concluding part of the bill will be found the following: "Your petitioners state and charge that they have a lien upon the said two lots, and all the improvements on the same, to secure the payment of said debt."

Here are direct averments that the house was to be built on lots in Waverly belonging to appellant; that appellant owned lots 11 and 12 in block 7, in Waverly; that the house was built according to contract, and that appellees had a lien on said two lots. We regard these averments as sufficient to authorize the decree.

It only remains to be seen whether the evidence was sufficient to justify the court in decreeing the lien on the lots.

The answer nowhere denies that appellant was the owner of lots 11 and 12, block 7, as alleged in the bill, hence that fact will be deemed admitted; neither is it denied that the house was erected.

The answer contains the following admission: He, appellant, entered into a contract with Francis H. Johnson, for the erection of a house for the defendant, and, by the terms of the contract, the said Francis H. Johnson was to commence work immediately, and furnish all material, and properly put up, build, and fully complete, from foundation up, in all and

every respect. a dwelling house on the lots of defendant in Waverly, Illinois.

In the absence of proof that appellant owned other lots in Waverly, and in view of the fact that the bill avers that appellant owned lots 11 and 12, block 7, and this is admitted by the answer, and in view of the admitted fact that the house was built on lots in Waverly owned by appellant, we are of opinion the facts were sufficient upon which to base the decree.

We are unwilling to adopt a different view, from the fact that the particular lots upon which the house was erected was not a controverted question in the circuit court; that the contest was, whether the house had been built in the manner required by the terms of the contract, and whether a recovery could be had by appellees, the contract having been made with only one of them.

Exceptions were taken to the instructions given on behalf of appellees.

The first in the series, in substance, tells the jury that if, from the evidence, they find that appellees had done the work and furnished the materials substantially as required by the contract, they should find for plaintiffs. It is urged that the jury should have been instructed to find for appellees, if they found from the evidence the house was erected as alleged in the petition.

We see no substantial objection to the instruction. While it is true, a party must recover according to the allegations of the bill, yet the instruction in no manner ignores that principle.

If the evidence varied from the allegations, appellant might have availed of the variance by motion to exclude the testimony.

Appellees' right of recovery rested upon a faithful performance of their contract, and it was not error for the court to so instruct the jury.

We perceive no substantial objection to the other instructions of appellees. We see nothing in them calculated to mislead the jury.

As the record discloses no substantial error, the decree will be affirmed.

*Decree affirmed.*