MARTIN v. SIMMONS ET AL.

1. A notice of a mechanic's lien described the premises upon which the lien was claimed as lots 1 and 4, block 33, Highland subdivision. The proper description was, lots 1 and 4, block 33, Highland, in the town of Highland. Defendant owned no other lots in the county. *Held,* under the mechanic's lien law, which requires the lien notice to contain a description of the premises, that the error would not, at least so far as the owner was concerned, vitiate the lien.
2. In such case, plaintiff having rested his case, and defendant having moved for a nonsuit, plaintiff should have been allowed to amend his complaint to make the description of the lots correspond with the proof.

*Error to Arapahoe County Court.*

THIS was an action to foreclose a mechanic's lien, commenced by the plaintiff in error June 9, 1884. He alleged in his complaint that he had furnished certain materials to the said Courtney J. Simmons and W. I. Peoples for the construction of a house for said Simmons; that the said Peoples was the contractor building the house for said Simmons; that the said materials were sold and delivered to them for said building during the

time from October 23d to December 1, 1883; that the said Simmons was the owner of the premises upon which said building was constructed, being lots 1 and 4, block 33, Highland subdivision to Denver, in the county of Arapahoe; that on November 9, 1883, the said Simmons conveyed the rear end of said lots to said Ruth A. Peoples; that a great portion of said materials had been used in the construction of a small building upon said rear end of said lots; that the whole amount therefor remained due and unpaid; and also alleged the filing of a notice of a lien upon said premises for the said amount. The said Simmons and W. I. Peoples answered separately and denied the allegations of the complaint.   The said Ruth A. Peoples answered, and alleged that there was no such subdivision in Arapahoe county as Highland subdivision to Denver, and admitted that on or about November 19, 1883, she became the owner of the rear seventy-five feet of lots 1 and 4, block 33, Highland, town of Highland; that the same should not be charged with the indebtedness sought to be recovered for the construction of a building on the front of said lots; that the portion of the said lots still held by the said Simmons was sufficient for the necessary and convenient use of the building thereon, and was worth much more than the plaintiff demanded.   It appears from the evidence that on October 23, 1883, the said W. I. Peoples presented to the said plaintiff, Martin, a bill of materials, asking for the prices thereof and for credit for the purchase thereof, and stated that the same were for a building for the said Simmons; whereupon estimates were made and prices given, but Martin refused to let the materials go on the credit of Peoples and deferred the matter until he could see Simmons.   He went to see Simmons, and stated to him that Peoples was at his place and wanted materials for his (Simmons') building; that he did not want to let the materials go unless he was sure he would get his pay for them.   Simmons asked how much the bill for the

materials would be, and was informed that it would be a little over $200. Simmons said he would see that it was paid. Whereupon the materials were furnished and put into the building upon the said premises. The lien notice was in evidence. It contained a statement of intention to hold and claim a lien upon lots 1 and 4, in block 33, Highland subdivision; a statement of the whole amount of the indebtedness; viz., $207.81, and the amount remaining unpaid; that said lien was claimed and held for and on account of W. I. Peoples, Ruth A. Peoples and Courtney J. Simmons. It had been duly verified, and recorded in the records of said county of Arapahoe, December 17, 1883. It also appears that on May 10, 1882, C. D. Gurley conveyed to said Simmons lots 1 and 4, in block 33, Highland, in the town of Highland; that on November 8, 1883, said Simmons conveyed to said Ruth A. Peoples the rear seventy-five feet of lots 1 and 4, in block 33, Highland, in the town of Highland; that the said lots were the only lots owned by said Simmons in the county of Arapahoe; that the greater part of the said materials went into the construction of the house upon the said rear portion of the said lots. Whereupon the said plaintiff, Martin, rested his cause, and the said defendants moved for a judgment of nonsuit, and the said plaintiff also moved for leave to amend his complaint so as to make the description of the lots therein correspond with the proof; but the court denied the same and gave judgment of nonsuit. Motion for a new trial was duly made, for that the court erred in the said judgment, which motion was denied. And the cause comes here upon writ of error.

Messrs. KNAPP and BENTON, for plaintiff in error.

Messrs. RICHARDS and BUTLER, for defendant in error Simmons.

Mr. CLAY WHITFORD, for defendant in error Peoples.

STALLCUP, C.  By our mechanic's lien act it is provided that whoever shall do work or furnish materials by contract, express or implied, with the owner of any land, for buildings or improvements thereon, shall have a lien thereon for the amount and value of the work so done and the materials so furnished.   From the evidence it is shown that the materials were sold and furnished to and upon the credit of the said Simmons, for a structure erected upon his lots 1 and 4, block 33, Highland, in the town of Highland, in said county; that the amount thereof was $207.81; that it remained wholly unpaid; and that the said Simmons was liable upon his promise therefor.   It follows that the said plaintiff, Martin, was entitled to a lien therefor upon the said lots, provided such right had been asserted according to the provisions of said mechanic's lien act.   The said act provides for a statement containing a notice of intention to hold and claim a lien, with a description of the premises to be charged therewith, and an abstract of indebtedness, showing the whole amount of the debt and credit and balance due; that such statement be filed for record within sixty days after the time when the last work shall have been done, or the last materials shall have been furnished, and, in cases of subcontracts, in forty days; also that such lien, so asserted, shall relate back to the time of the commencement of the work or furnishing of the materials.   It is argued here that there was an insufficient description, in the lien notice, of the premises to be charged therewith.   The premises were described in the lien notice as lots 1 and 4, in block 33, Highland subdivision; the proper description thereof being lots 1 and 4, in block 33, Highland, in the town of Highland.   It is apparent that the lien claimant, Martin, supposed that Highland was a subdivision of Denver, instead of a distinct town.   No reason appears why this error should defeat his lien, at least as to the owner, Simmons.   If there is enough in the description in the lien notice to

enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it is sufficient. Phil. Mech. Liens, §§ 379, 380. It is shown that these two lots were the only lots in the county owned by Simmons, so it seems to be fairly deducible from the evidence that there would be no difficulty in identifying the same with the description of the lien notice. The court also erred in denying appellant's motion for leave to amend his complaint.

The judgment should be reversed and the cause remanded for a new trial.

DE FRANCE, C., concurs. RISING, C., dissents.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*