[S. F. No. 4126.    In Bank.—April 2, 1907.]

UNION LUMBER COMPANY (a Corporation) et al., Respondents, v. JULES A. SIMON et al., Defendants. JULES A. SIMON, Appellant.

MECHANICS' LIENS—FORECLOSURE—STATUTORY PROVISION FOR ATTORNEY'S FEES UNCONSTITUTIONAL.—The provision of the statute purporting to authorize the allowance of attorney's fees for the plaintiff in an action for the foreclosure of mechanics' liens is unconstitutional and void.

ID.—SUFFICIENCY OF NOTICE OF LIEN.—A notice of mechanic's lien, sufficient as to the owner, cannot be void as to third persons without knowledge of the extrinsic facts.

ID.—DESCRIPTION OF LAND TO BE CHARGED WITH LIEN—EVIDENCE OF IDENTITY.—In a notice of a claim for a mechanic's lien, the description of the property to be charged with the lien need only be such as will be "sufficient for identification," and in an action to enforce the lien evidence may be received for the purpose of determining

its sufficiency, and to identify the land sought to be charged with the land described in the notice.

ID.—IMPERFECT DESCRIPTION BY METES AND BOUNDS—GENERAL DESCRIPTION.—In a notice of a claim for a mechanic's lien, an imperfect attempt to describe the land sought to be charged by metes and bounds may be aided and rendered sufficient by a further statement in the notice that a particular person is the owner of the land, and the building erected thereon, and that the lien is claimed for materials furnished a specified contractor while such contractor was engaged in constructing the building for such owner; and in an action to enforce the lien, evidence is admissible to identify the land described in the complaint with the land so described in the notice.

ID.—FINDING—LAND NECESSARY FOR CONVENIENT USE OF BUILDING.—In such an action, a finding that the building covered a large portion of the land, and that all of the land, which had a frontage of one hundred and six feet and eight inches, and a depth of one hundred and sixty-four feet and one inch, was necessary for its convenient use and occupation, is sustained by evidence showing that the building was constructed for a hospital, having a dimension of sixty-eight feet in width and one hundred and eight feet in depth, containing "40 bedrooms for patients, and also operating-rooms, sterilizing-room, washrooms, bathrooms, nurses' dormitories, dining-rooms, and nurses' classrooms," although there was no evidence showing the particular portion of the lot upon which the building stood. From such evidence the court could determine, as a matter of general knowledge, that the entire lot was necessary for the use of the hospital.

ID.—CONSOLIDATION OF ACTIONS—ISSUE TENDERED BY ONE PLAINTIFF—FINDING.—Upon the consolidation of several actions to foreclose mechanics' liens, there is only a single action by the respective plaintiffs against the defendants, and the decision thereon is to be made as if the cause of action had been presented in a single complaint, and is to be embodied in a single set of findings, in which all facts in issue in the consolidated action are to be incorporated; and an issue as to the amount of the land necessary for the convenient use and occupation of the building, tendered in any of the original complaints, and the findings and judgment thereon, operate in favor of all of the plaintiffs in the same manner as if they had originally joined as plaintiffs in bringing the action and raising such issue.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion rendered in the district court of appeal.

Roger Johnson, for Appellant.

Pillsbury, Madison & Sutro, Barna McKinne, and J. S. Reid, for Respondent.

THE COURT.—This case was decided in the district court of appeal for the first district, within the sixty days next preceding April 18, 1906, and found its way to this court by reason of the general order made April 23, 1906, transferring all causes in which applications for rehearing were then pending. Since the decision by the court of appeal, this court has decided, in *Builders' Supply Depot* v. *O'Connor, ante,* p. 265, [88 Pac. 982], that our statutory provision as to the allowance of attorney's fees in this class of actions is unconstitutional and void. It follows that, in so far as the judgment allows attorney's fees, it is erroneous. We do not agree to that part of the opinion of Justice Harrison intimating that a notice of lien sufficient as to the owner may be void as to third persons without knowledge of the extrinsic facts. In our opinion the notice of lien, as a whole, contains sufficient matter of description to make it good in that respect as to all persons. In all other respects we find that the opinion of the district court of appeal is a correct exposition of the law applicable, and to that extent the same is adopted as the opinion of this court.

The judgment is modified by striking therefrom all allowances for attorney's fees, and, as so modified, is affirmed.

HENSHAW, J., dissenting.—I dissent. In eight of the claims of lien the description of the property affected was as follows: "Commencing at a point on the northerly line of Sutter Street distant thereon 137 feet and 6 inches from the westerly line of Scott Street, running thence westerly," etc. Here is admittedly a patent ambiguity in the attempt to fix the point of commencement. Conceding that the place for fixing the point of commencement is the intersection of the northerly line of Sutter Street with the westerly line of Scott Street, it cannot be declared whether the true point of commencement is distant one hundred and thirty-seven feet and six inches easterly or westerly on the northerly line of Sutter Street. There are thus certainly two points of commencement which equally answer the call in the description. This is conceded in the opinion of the appellate court,

CL Cal.—48

which is by this court adopted, which declares that the difficulty in the description is the "uncertainty" as to the point of commencement. It has always been a fundamental rule of construction that such a patent ambiguity appearing upon the face of the instrument cannot be explained or aided by parol evidence. Thus, in *Brandon* v. *Leddy,* 67 Cal. 43, [7 Pac. 33], the description in the deed applied equally to certain lots which the grantor did own, as well as to certain lots which he did not own. This court in Bank declared: "The map referred to in the deed from Carney to Rosaria Bernal must be considered as incorporated in it. The deed therefore shows upon its face that there are two lots to which the description equally applies. From the deed itself it cannot be ascertained which lot was intended to be conveyed, and as the ambiguity is patent, resort cannot be had to parol. Our conclusion is that the deed in question is void for uncertainty of description." To like effect is *People* v. *Klumpke,* 41 Cal. 264. The general principle is likewise declared in Phillips on Mechanics' Liens (sec. 385), to the following effect: "A description containing a patent ambiguity will not, however, be referred to a jury, but be declared by the court to be void for uncertainty." Moreover, to aid and perfect this description it is necessary to take evidence as to the direction of an ungiven course; that is to say, it is necessary to show that the point of commencement was westerly along the line of Sutter Street from its westerly intersection with Scott Street. But this again is evidence which this court has distinctly declared cannot be received. Thus, in *Best* v. *Wohlford,* 144 Cal. 733, [78 Pac. 293], it is said: "If a monument is given as the starting-point evidence may be given to show its location. *But if the direction of the course from that monument is not given, evidence will not be received to show what direction was intended.*"

In my judgment, if the description above given can be upheld as sufficient, it can be upon no other theory than that any description which in any way, and by any sort of evidence, can be made to apply to any piece of land is sufficient for identification, and this notwithstanding the command of the statute that the description in the claim of lien must in and of itself be sufficient for identification. Logically, therefore, if the description here in question is to be held sufficient,

it must be said, and by this court should be said, that a description as being the land of John Smith in the city and county of San Francisco complies with the statute if it can be shown that John Smith owned any land in San Francisco, that any structure was erected upon that land, and that the lien claimant furnished labor or material for the purposes of that structure. This may be the meaning of section 1187 of the Code of Civil Procedure, though I cannot bring myself to believe that it is. But if it is, considering the importance of the question and the very numerous cases that arise under this statute, this court should so declare.

McFarland, J., concurred in the dissenting opinion.

The following is the opinion rendered in the district court of appeal for the first district on March 13, 1906:—

HARRISON, J.—Action for the foreclosure of mechanics' liens.

Nine separate actions for the foreclosure of mechanics' liens upon certain property described in the complaint herein were brought against the defendant Simon, as the owner of the property, and the defendant Grant, as the contractor for the construction of the building for which the liens are. claimed. The actions were afterwards consolidated into a single action under the above title, and after such consolidation the defendant Simon filed answers to the complaints of the several plaintiffs, and the defendant Grant filed an answer, admitting all of the allegations in the complaints. The cause was tried by the court, and judgment rendered in favor of the plaintiffs and against the defendants, declaring the amount of the unpaid portion of the contract price, together with the costs and attorneys' fees in the action, to be a lien upon the property in favor of the plaintiffs according to the respective amount of their claims, and directing its sale in satisfaction thereof. From this judgment and from an order denying a new trial the defendant Simon has taken the present appeal.

The principal point urged in support of the appeal is that the notice of their claim of lien which was filed in the recorder's office by several of the above claimants was de-

fective, in that it did not describe the property described in the complaint, and therefore that no lien was created thereon. The description of the property in the said notice of lien is as follows: ''The lot or parcel of land situate in the city and county of San Francisco, state of California, bounded and described as follows, to wit: Commencing at a point on the northerly line of Sutter Street distant thereon 137 feet and 6 inches from the westerly line of Scott Street; running thence westerly along said line of Sutter Street 106 feet and 8 inches; thence at right angles northerly 164 feet and 1 inch; thence at right angles easterly 106 feet and 8 inches; thence at right angles southerly 164 feet and 1 inch to the point of commencement, and also the buildings on said land and the alterations and additions made thereto.'' In addition to this description the notice makes the further statement: ''That Jules Simon, M. D., is the reputed owner and is, as claimant is informed and believes, the owner of the said land and said buildings, alterations and additions thereto; that said lien is claimed for material furnished by said claimant to the person named W. E. Grant at various times between on or about the 10th day of June, 1902, and the 17th day of October, 1902, and while said Grant was engaged in constructing said building and making said alterations and additions thereto for said owner.''

The objection to the sufficiency of the description is that it does not specify in which direction from the westerly line of Scott Street the lot of land is located, and that it cannot be determined therefrom whether its starting-point is easterly or westerly therefrom.

The requirement of the statute that the materialman or subcontractor who claims a mechanics' lien shall file a notice thereof in the recorder's office has a twofold purpose, in addition to that of fixing the time within which he must seek to enforce his lien,—viz. to give constructive notice of the claim to all persons dealing with the property, and also to inform the owner of the amount of the claim, and thereby enable him to withhold from the contractor a sufficient amount of the contract price with which to satisfy the same. ''The object of the law, so far as securing the validity of the lien against the owner is concerned, when a materialman seeks to avail himself of the advantages, is that by the notice the

owner may keep back enough of the contract price to indemnify himself against the liability." (*De Witt* v. *Smith,* 63 Mo. 263.) The notice which the claimant is to file is also of a twofold character. It must contain a statement of the facts which the statute prescribes for the creation of the lien, and it must also contain a description of the property to be charged with the lien. The statute is remedial, and is to be liberally construed with a view to effect its objects and to promote justice (Code Civ. Proc., sec. 4); and as the persons for whose benefit it is enacted are not presumed to be versed in accuracy of expression the notices to be given by them are to be construed more with reference to their substance than their form. (*Corbett* v. *Chambers,* 109 Cal. 178, [41 Pac. 873].) Whatever the statute has made essential to the creation of the lien must be fully and correctly stated (*Wagner* v. *Hansen,* 103 Cal. 104, [37 Pac. 195]; *Santa Monica Co.* v. *Hege,* 119 Cal. 376, [51 Pac. 555], but the description of the property to be charged with the lien is required to be only such as will be "sufficient for identification." The same fullness and precision of description is not required in the lien statement as in the case of a conveyance or a judgment. (*Nystrom* v. *London etc. Mortgage Co.,* 47 Minn. 31, [49 N. W. 394].) A false call or an inaccuracy in describing the property will not defeat the lien if the description be not in itself misleading or defective in some essential particular. (*Willamette Company* v. *Kremer,* 94 Cal. 205, [29 Pac. 633].) In an action for the enforcement of the lien the plaintiff is not required to follow the terms of the description which are given in the notice, but, if the statutory requirement has been satisfied, may within those terms disregard any lack of accuracy or precision, and in his complaint may enlarge the description in such manner that the judgment will distinctly specify the land which is to be sold. (*Duffy* v. *McManus,* 3 E. D. Smith, 657; *Willamette Company* v. *Kremer,* 94 Cal. 205, [29 Pac. 633]; *Corbett* v. *Chambers,* 109 Cal. 178, [41 Pac. 873].) Whether the description in any particular case is sufficient for identification is a question of fact to be determined by the jury or the court upon a consideration of the circumstances of that case. (Phillips on Mechanics' Liens, sec. 384.) This provision of the statute implies that evidence may be received for the purpose of determining its sufficiency (*Best*

v. *Wohlford,* 144 Cal. 733, [78 Pac. 293]), and such evidence will include the purpose for which the description is required as well as the persons who are to be affected by it. A more precise and specific description is required for the purpose of giving constructive notice to persons who may deal with the property or become purchasers or encumbrancers of the same (*Montrose* v. *Connor,* 8 Cal. 344; *Rall Bros.* v. *McCrary,* 45 Mo. App. 365; *Cary Hardware Co.* v. *McCarty,* 10 Colo. App. 200, [50 Pac. 744]), than would be required in a case where only the owner and other lien claimants are interested. (*Martin* v. *Simmonds,* 11 Colo. 411, [18 Pac. 535] ; *Putnam* v. *Ross,* 46 Mo. 337.) Mr. Phillips says (sec. 379) : ''If there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. If the description identifies the property by reference to the facts, that is, if it points clearly to a piece of property and there is no other one that will answer the description, it is sufficient.'' Among the identifying facts which are held competent to be considered for determining its sufficiency are references to adjoining properties, a description of the building which has been constructed; the fact that the land upon which it is erected is the only property of the owner in that locality. (*Tibbetts* v. *Moore,* 23 Cal. 208; *Knabb's Appeal,* 10 Pa. St. 186, [51 Am. Dec. 472] ; *Kennedy* v. *House,* 41 Pa. St. 39, [80 Am. Dec. 594] ; *McClintock* v. *Rush,* 63 Pa. St. 203; *Rall Bros.* v. *McCrary,* 45 Mo. App. 365; *Russell* v. *Haydon,* 40 Minn. 88, [41 N. W. 456] ; *Lombard* v. *Johnson,* 76 Ill. 599.)

In view of these principles it must be held that the finding of the superior court that the description of the property in the plaintiff's notice of its claim of lien was sufficient must be sustained. The controversy herein does not affect the rights of any outside person; only the rights of the lien claimants and the owner are involved, and unless the description was such as to mislead the owner any mere lack of accuracy therein is not available as a defense. The notice

does not give a specific description of other property than that sought to be charged with the lien as described in the complaint, as was the case in *Fernandez* v. *Burleson,* 110 Cal. 164, [52 Am. St. Rep. 75, 42 Pac. 566], and its terms are not such as to make it impossible to locate the property with such aids as are competent for that purpose. (*Cleverly* v. *Moseley,* 148 Mass. 280, [19 N. E. 394].) Its sole defect consists in the uncertainty of the starting-point for its boundary; but under the other facts set forth in the notice and the evidence given in connection therewith this uncertainty disappears.

The property described in the notice is a rectangular lot of land situate on the northerly side of Sutter Street, with a frontage thereon of one hundred and six feet and eight inches, and a depth of one hundred and sixty-four feet and one inch. It is stated in the notice to be the lot upon which the defendant Grant between the months of June and October in the year 1902 was engaged in constructing a building for the defendant Simon, and for the construction of which the plaintiffs furnished to Grant the materials for which the liens are claimed; and that the defendant Simon was the owner of the said lot of land and of the buildings. It was shown at the trial that in May, 1902, the defendant Simon, as owner, and the defendant Grant, as contractor, entered into a contract, which was filed for record in the recorder's office, for the construction of a three-story frame hospital building, sixty-eight feet wide by one hundred and eight feet deep, to be erected upon a lot of land of the aforesaid dimensions, situate on the north side of Sutter Street, one hundred and thirty-seven and one half feet from the northwest corner of Scott and Sutter streets, and that on January 3, 1903, the defendant Simon filed in the recorder's office his verified notice, stating that the said contract with Grant had been completed and the work accepted by him, and that the property on which said building is situated is a lot of land situate on the north side of Sutter Street, one hundred and thirty-seven and one half feet *west of Scott Street,* and thence running westerly along said line of Sutter Street one hundred and six feet and eight inches, with a depth northerly of one hundred and sixty-four feet and one inch. Scott Street was shown to be sixty-eight feet in width, and to assume that

the starting-point of the description is east of Scott Street would locate a large portion of the lot within the lines of Scott Street. It was also shown that the said building is the only one ever constructed by the defendant Grant for the defendant Simon, and the latter defendant testified that he never owned any other real estate in the city and county of San Francisco. These facts sufficiently identified the property described in the notice of lien with that described in the complaint. The description in the notice is the same as that in the contract between Simon and Grant; and in his notice of completion and acceptance Simon states that the building is situate on the land which is above described in the complaint, and he testified that this is the only real estate which he ever owned in San Francisco. It is manifest, therefore, that he had no difficulty in identifying the property sought to be charged by the lien, and that he was in no respect misled by the description. In *Rall Bros.* v. *McCrary,* 45 Mo. App. 365, a case which involved only the rights of the lien claimant against the owner, the statute authorized a lien upon the building and the land upon which it is situated to the extent of one acre. In the claim of lien the property was described as ''a frame barn and one acre upon which it is situate, being erected upon a tract of 64 acres'' (describing the quarter-section). To the objection that the description failed to specify the particular acre, the court said (p. 371): ''The owner of the particular tract of land described in the lien paper on which the barn was standing, for the improvement of which the materialman furnished the lumber, must be presumed to be familiar with not only the boundaries of his land but the building thereon situate which he had erected or improved by the use of the material furnished. The description of the land and the other facts stated in the lien paper were certainly ample for the purposes of enabling the defendants or their intestate to locate and identify the acre of land which it was sought to charge with the lien.'' (See, also, *Oster* v. *Rebeneau,* 46 Mo. 595; *Seaton* v. *Hixon,* 35 Kan. 663, [12 Pac. 22].)

The appellant suffers no hardship from the judgment herein. By his contract for the construction of the building he was under obligation to pay to the contractor the amount of the contract price therefor, and whether he pays it to the con-

tractor or to the plaintiffs as creditors of the contractor is immaterial to him if he is protected against any further liability therefor.    The contractor is, however, a defendant herein, and having admitted in his answer the rights of the plaintiffs to the money due from the appellant on the contract is estopped from again demanding the same.

The liability of the appellant for the costs of the action and the attorneys' fees is the result of his own conduct.    At the commencement of the action he could have tendered and paid into court the amount then unpaid of his liability to the contractor, and thereby discharged himself of further liability; but instead thereof he contested the right not only of the lien claimants but also of the contractor to any portion of said unpaid amount, and necessitated the litigation which followed.    The court, therefore, did not err in requiring the payment of the costs and attorneys' fees in addition to the amount which he had agreed to pay to the contractor.    (*De Camp Lumber Co.* v. *Tollhurst,* 99 Cal. 631, [34 Pac. 438].)

The court found that the building covers a large portion of the lot, and that all of the lot is necessary for the convenient use and occupation of the building, and directed a sale of the entire lot for the satisfaction of the liens.    It is urged by the appellant that as there was no evidence showing the particular part of the land which was covered by the building, the above finding is not sustained by the evidence.    It appeared from the evidence that the building was constructed for a hospital, and that by the plans and specifications for its construction its dimensions are sixty-eight feet in width and one hundred and eight feet in depth; that it contained "over 40 bedrooms for patients, and also operating-rooms, sterilizing-rooms, washrooms, bathrooms, nurses' dormitories, dining-rooms, and nurses' classrooms."    Although the bill of exceptions does not show the particular portion of the lot upon which the building stands, it may be assumed that this appeared from the plans and specifications which were before the court; and as the character of the building, as well as its dimensions and the purpose for which it was to be used, was also in evidence, the court could determine without any ·further evidence that the convenient use of a hospital building would require more than the mere ground which is covered by the building, and, in determining the amount of additional

land required for such purpose, could exercise its own judgment as upon a matter of general knowledge. We cannot say from anything that appears in the record that the court committed any error in the extent of land which it deemed essential for the convenient use and occupation of the building.

The further objection that the finding was erroneous for the reason that in some of the complaints there was no averment upon that issue is without merit. Upon the consolidation of the several actions there was presented only a single action by the respective plaintiffs against the defendants, and the decision thereon was to be made as if the cause of action had been presented in a single complaint, and was to be embodied in a single set of findings in which all facts in issue in the consolidated action were to be incorporated. (*Willamette Co.* v. *College Co.*, 94 Cal. 229, [29 Pac. 629].) This issue affected the rights of each of the plaintiffs, and its presentation in any of the original complaints became an issue in the consolidated action, and the finding and judgment thereon operated in favor of all of the plaintiffs in the same manner as if they had originally joined as plaintiffs in bringing the action with this averment in their complaint.

The objection to the judgment upon the ground that it creates a personal liability against the appellant is not sustained by the record.

The judgment and order denying a new trial are affirmed.

Cooper, J., and Hall, J., concurred.