[Civ. No. 362. First Appellate District.—October 16, 1907.]

## W. W. DANALDSON, Respondent, v. ORCHARD CRUDE OIL COMPANY et al., Defendants; SANTA CLARA VALLEY OIL COMPANY, Appellant.

MECHANICS' LIENS—PERSONAL JUDGMENT—LIEN ON LEASEHOLD INTEREST—JUDGMENT FOR DEFICIENCY—WAIVER—QUESTIONS NOT MOOT.—Where, in an action to foreclose mechanics' liens, personal judgment was rendered against the appellant, and a lien enforced against its leasehold interest, with judgment to be docketed for deficiency, the waiver by the respondent of the deficiency judgment does not render moot the remaining questions in regard to such personal judgment and the foreclosure of the lien, which appellant has still a direct interest in reversing.

ID.—EMPLOYMENT BY SECRETARY OF CORPORATION.—Though the mere proof that the person employing the plaintiff for the appellant corporation was the secretary thereof does not establish authority to make the employment, yet it may be shown that authority was bestowed upon the secretary to do so.

ID.—EMPLOYMENT AS WATCHMAN WHILE CLAIM IS IDLE—LIEN NOT ENFORCEABLE.—For the employment of plaintiff as a watchman while the claim of appellant oil company was lying idle, he is not entitled to enforce liens, and must look only to the personal liability of the appellant.

ID.—ATTORNEY'S FEES.—In the foreclosure of a lien, no allowance can be made to the plaintiff for an attorney's fee.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

Geo. E. Whitaker, and F. J. Hambly, for Appellant.

Niles E. Wretman, for Respondent.

HALL, J.—This action was brought by plaintiff to obtain a judgment against the Orchard Crude Oil Company, a corporation, and the Santa Clara Valley Oil Company, a corporation, for the principal sum of $433.40, $2 costs of filing a claim of lien, and $100 as plaintiff's attorney fee for fore-

6 Cal. App.—41

closing the lien, and that the same be adjudged a lien against certain land worked as a mineral oil claim, and certain described implements and machinery alleged to be appurtenant to and used in the working of said claim.

The court gave judgment (1st) that plaintiff have and recover from the defendant Orchard Crude Oil Company the sum of $146.90, and (2d) that the plaintiff have and recover from the Santa Clara Valley Oil Company the sum of $240 debt, and $2 cost of filing his lien, and $75 for his attorney fee in the action, and that said sums of money are a charge and lien upon the leasehold interest of said Santa Clara Valley Oil Company in and to the premises worked as such oil claim, containing about seven acres of land, together with the improvements and appurtenances thereunto belonging or in anywise appertaining, consisting of (here follows a list of the implements and machinery above referred to). The judgment contains the usual direction for the sale of such property and for the docketing of a judgment for any deficiency against said Santa Clara Valley Oil Company.

This appeal is by the Santa Clara Valley Oil Company only, and is from the judgment against it only, and was taken within sixty days from the rendition thereof.

Since the oral argument before this court, the respondent, in his printed reply to the oral argument, waives any and all right to any deficiency judgment against appellant, and consents that all portions of said judgment relating to a deficiency may be stricken therefrom. He now asks that the appeal be dismissed as presenting only moot questions, for the reason, as he claims, that it appears that appellant has no interest in any of the property ordered to be sold.

There are two answers, however, to respondent's contention:

(1) The judgment is a personal judgment against appellant for the entire sum. The action is against appellant upon a direct and personal liability. The court found that there was due and owing to plaintiff from appellant $240 for services rendered to appellant, and gave judgment against appellant accordingly for such sum, and for $75 for attorney's fee. The action is one brought under the mechanics' lien law, under which a claimant may recover a personal judgment against the person primarily liable for the debt. Such a judgment plaintiff obtained against appellant, which we do

not think is modified by the succeeding direction for the enforcement of a lien on certain property and the entry of a deficiency judgment.

(2) Not only is the amount adjudged to be recovered by plaintiff from appellant adjudged to be a lien on the machinery and implements, which the record shows to have been sold by appellant to the R. H. Herron company, but it is adjudged to be a lien on the leasehold interest of appellant in the real property, which is ordered sold. The court found appellant to be the owner of a leasehold interest in the premises. This is separate and distinct from the personal property alleged and admitted to have been sold by appellant to the R. H. Herron Company. Appellant is therefore directly interested in securing a reversal of that portion of the judgment decreeing a lien on its leasehold interest in the premises. The appeal does not present moot questions only.

Appellant insists that the evidence is insufficient to show that plaintiff was ever employed to render any service for appellant by anyone having authority so to do. Plaintiff testified that he was employed to work for appellant by one Smith, the secretary thereof. Appellant insists that a secretary of a corporation as such has no authority to employ laborers about the mining operations of such corporation, and that in the record in this case there is no evidence of any authority in Smith except that he was the secretary of the corporation.

Undoubtedly proof that a person is secretary of a corporation is not sufficient alone to establish his authority to make contracts for the corporation (2 Cook on Corporations, sec. 717), but of course such an officer may be authorized to act in other capacities, and may have power to enter into contracts for the corporation. It must be confessed that the record in this case discloses very meager evidence as to what authority Mr. Smith had in the premises. At the trial Mr. Smith denied that he had employed plaintiff for appellant at all, and very little attention seems to have been given to the question as to what authority he may have had. Doubtless upon a retrial of the action more certain and satisfactory evidence will be given pro and con upon this point; and as we think that the judgment must be reversed for other reasons, we do not deem it necessary to pass upon the sufficiency of the evidence in this respect.

Plaintiff sued to recover for services as roustabout, well-cleaner and watchman in and about the oil claim alleged to have been worked by appellant. He alleged the amount due him from appellant for such services to be the sum of $433.40, and the court found the amount to be $240. The evidence of plaintiff, assuming it to be true, shows that the greater portion of this amount was due for his services for acting as watchman of the premises and plant at a stated salary per month, while it was lying idle. His claim of lien, which is a part of his complaint, also shows that his whole claim is for services as a watchman at $20 per month, and additional compensation for labor at $2 per day. Plaintiff first worked for the Orchard Crude Oil Company for $2 a day and $20 a month for his board, but later entered into a new arrangement with the superintendent of said company, by which he was to receive $20 a month for acting as watchman, and $2 a day for such work as he might do. This second arrangement was made May 1, 1903, and under it plaintiff worked for the Orchard Crude Oil Company until July 23, 1903. By this agreement he testified that he was to receive $20 per month for services as watchman and $2 per day when he worked. The plant passed to the control of appellant about July 23, 1903; and plaintiff testified that he was told by Mr. Smith to continue there just the same as he had been doing. In other words, his testimony clearly shows that during the time he claims to have been in the employ of appellant he was to receive $20 per month for acting as watchman of the premises, and $2 per day for his labor when he worked. He filed his notice of lien July 11, 1904, which was framed upon a theory in accord with the evidence just stated. From his testimony the number of days that he worked for appellant did not exceed sixty-seven, for twenty-one of which he admits that he was paid by a Mr. Gallagher. This leaves but forty-six days to be paid for at $2 per day, which would amount to $92. He also admitted having been paid on his account against appellant $30 by Mr. Smith. The court found that he had performed work for appellant as roustabout, well-cleaner and watchman, and that there was a balance unpaid him therefor to the amount of $240, but did not determine what part was due him for services as watchman, and what for the other services. This brings us to the vital point of the present discussion.

Plaintiff's claim for a lien is founded upon that portion of section 1183, Code of Civil Procedure, which provides that "Any person who performs labor in any mining claim or claims, or in or upon any real property worked as a mine, either in the development thereof or in working thereon by the subtractive process, has a lien upon the same." A lien is not given for any and every work that may be done upon or about a mining claim, but only for work done in the development thereof or in working thereon by the subtractive process. Unless the services of a watchman of an idle mine come within this category, plaintiff was not entitled to a lien for what was due him as such watchman. It was said in *Williams* v. *Hawley,* 144 Cal. 98, [77 Pac. 762] : "It is clear that the statute implies that the labor to be performed upon any mining claim, and for which a lien is given is labor performed in the course of the actual work of mining or development of the mining claim, and that it does not include the services of a watchman engaged in caring for the mine while it is lying idle." (See, also, as supporting the same principle, Phillips on Mechanics' Liens, sec. 36; Jones on Liens, sec. 1356.)

In the case at bar the claim was lying idle during all the time it was in the possession of appellant, save that plaintiff upon occasions pumped oil therefrom for use in the boiler. For such services as he performed in pumping oil he was within the protection of section 1183 if employed so to do by appellant, but for his services as watchman he can only look to the personal liability of appellant. As there is no way by which we can determine from the record how much of the judgment is for services as watchman, the judgment must be reversed and a new trial had.

No allowance should have been made for an attorney's fee. (*Union Lumber Co.* v. *Simon,* 150 Cal. 751, [89 Pac. 1081].)

The judgment is reversed, and the cause remanded for a new trial.

Cooper, P. J., and Kerrigan, J., concurred.