[Civ. No. 508. Second Appellate District.—September 14, 1908.]

PATTEN & DAVIES LUMBER COMPANY, a Corporation, Appellant, v. DORA MAY GIBSON et al., Respondents.

MECHANICS' LIENS—NOTICE OF LIEN—DESCRIPTION OF PROPERTY—IDENTIFICATION—QUESTION OF FACT.—The description of the property in a notice of lien is sufficient if it identifies the property by reference to the facts; and the question of ability to identify it by the description given is a question of fact.

ID.—MISSTATEMENT OF BLOCK IN PROPER TRACT—PROPER DESIGNATION OF LOT—ADMISSION OF PLEADINGS.—Where the proper description of the land of the owner of the building constructed on which the lien was claimed was "lot 4 in Block C of the Pellissier Tract," and the notice of lien misstated it as "lot 4 in Block 6 of the Pellissier Tract," but the complaint alleged that the description was sufficient for identification, and the answer did not deny it, no finding on that question was required, and the admission of the pleadings must control.

ID.—FINDING AS TO "BLOCK 6."—The finding that there was no "Block 6" in the Pellissier tract merely eliminated that part of the description in the notice of lien; but the remaining description of "Lot 4 in the Pellissier Tract" must be deemed sufficient for the purpose of

identification, where there is nothing in the record to show that any other lot in the Pellissier tract had the same numerical designation, or that said tract contained any other block than "C."

Id.—Error in Finding of Law.—The sufficiency of the description for identification being admitted by the pleadings, the court erred in holding that, as matter of law, the misstatement of the block rendered the description insufficient for the purposes of identification.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

George L. Keefer, and Walter L. Bowers, for Respondents.

ALLEN, P. J.—This is an action to foreclose a mechanic's lien by a materialman.   The contract was admitted to be void for failure to record.

The court finds that the material was furnished and used for the construction of the building, and the only reason the judgment was given for respondents was on account of an error of description in the notice of lien.   It appears from the complaint filed, and is not denied by the answer, that the defendant, Dora May Gibson, was the owner of lot 4 in block "C" of the Pellissier tract, in the city of Los Angeles.   That on the twenty-ninth day of September, 1905, she, as such owner, entered into a contract for the erection and construction of a dwelling-house upon the property above described for an agreed price of $2,000; that this contract was subscribed by the parties thereto and filed for record, but no plans and specifications referred to in said contract as being attached thereto were in fact attached to said contract or filed; that the contractor entered upon the performance of his contract and completed the same according to the terms thereof.   That during the progress of the work the contractor purchased of plaintiff material of the value of $477.63, which was in fact used in the construction of said house, and the same has not been paid for.   That within due time plaintiff filed its notice of lien, which, among other things, contained "a description of the property sought to be charged with its lien sufficient for identification, to wit, the real property and

building hereinbefore described; that said property was erroneously described in said claim of lien as lot 4, block 6 of the Pellissier tract, but that there is no block 6 in said Pellissier tract, and said defendant Dora May Gibson does not own any other property in said Pellissier tract" except lot 4 in block "C."

The court finds that there are buildings other than the building belonging to said Dora May Gibson located on block "C" of the Pellissier tract; and, further, that the sum of $500 was in the hands of defendant Gibson, due the contractor, at the time of the filing of the complaint in this proceeding, but which subsequent thereto she paid to the contractor.

The only question involved upon the appeal, therefore, is as to the sufficiency of the identification of the property contained in the notice of lien. "If the description (in the notice of lien) identifies the property by reference to the facts, that is, if it points clearly to a piece of property and there is no other one that will answer the description, it is sufficient." (*Union Lumber Co.* v. *Simon,* 150 Cal. 758, [89 Pac. 1077, 1081].) Mr. Phillips, in his work on Liens, lays down a test which is approved by our supreme court in *Union Lumber Co.* v. *Simon, supra,* namely: "If there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient." In commenting upon this rule, our supreme court, in the case last cited, says: "Among the identifying facts which are held competent to be considered for determining its sufficiency are references to adjoining properties, a description of the building which has been constructed, the fact that the land upon which it is erected is the only property of the owner in that locality." The question of ability to identify, then, by reason of the description given is a question of fact. It will be observed that the plaintiff avers as a fact that the description in the notice of lien was sufficient for identification, and it is not denied by the answer. Had an issue been raised with reference to this fact, it would have been competent for plaintiff to introduce evidence in support thereof. There is no finding that the description was insufficient in fact for identification, and the failure to raise an issue obviated the necessity therefor. The only finding of the court is as to the incorrectness of the description, but nothing therein to indi-

cate that such incorrect description failed to properly identify the property. The finding that there is no block 6 in said tract eliminates the block description therefrom, and the description in the notice of lien stands as "Lot 4 of the Pellissier tract." There is nothing in the record from which it can be inferred that any other lot in the tract has a similar numerical designation; in fact, nothing to indicate that the Pellissier tract contains any other block than "C." The sufficiency of the description for identification being averred and not denied, we think the court erred in holding that, as a matter of law, the misstatement of the block was insufficient for the purposes of identification.

Judgment reversed and cause remanded, with directions to enter a judgment and appropriate decree of foreclosure in plaintiff's favor and against defendant Gibson for the amount found due and unpaid on account of the material so furnished by plaintiff and used in the construction of said building.

Shaw, J., and Taggart, J., concurred.