[No. 13690.   In Bank. — March 31, 1891.]

WILLAMETTE STEAM MILLS COMPANY ET AL., RESPONDENTS, *v.* M. KREMER ET AL., APPELLANTS.

| | |
|---|---|
| 94 | 205 |
| 95 | 651 |
| 94 | 205 |
| 98 | 376 |
| 94 | 205 |
| 110 | 167 |
| 94 | 205 |
| 111 | 666 |
| 94 | 205 |
| 120 | 96 |
| 94 | 205 |
| 127 | 44 |
| 94 | 205 |
| 131 | 141 |
| 94 | 205 |
| 138 | 616 |

MECHANIC'S LIEN — VOID CONTRACT — TIME FOR FILING CLAIM — COMPLETION OF BUILDING — PREVIOUS ACCEPTANCE. —Where a contract between the owner and a contractor for the erection of a building is void for want of filing in the recorder's office before the work is commenced, a claim of lien for labor or materials may be filed at any time within thirty days after the actual completion of the building, irrespective of its previous acceptance and occupancy by the owner.

ID. — TIME OF COMPLETION — QUESTION OF FACT — APPEAL — CONFLICTING EVIDENCE. —The time of completion of a building which is sought to be subjected to a mechanic's lien is a question of fact for the trial court to determine, and its determination will not be disturbed upon appeal, where the evidence upon the question is conflicting.

ID. — "TRIVIAL IMPERFECTION" — FAILURE OF COMPLETION — QUESTION OF FACT. — Whether or not items of work done after the date at which the building is claimed to have been completed were to remedy "trivial imperfections," is a question of fact for the trial court to determine.   It cannot be said as matter of law that any failure of completion is a "trivial imperfection."

ID. — CLAIM OF LIEN — DESCRIPTION OF PROPERTY — QUESTION OF FACT. — A description in a claim of lien of the property sought to be charged need not be full and precise, but it is sufficient if it enables a party familiar

with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others. As a general rule, the sufficiency of the description is a question of fact to be determined by the trial court.

ID. — FALSE DESCRIPTION OF LOT ON STREET CORNER — IDENTIFICATION — REJECTION OF FALSE CALL. — Where a claim of lien stated that the materials had been furnished and used in a building which the owner had caused to be constructed "upon lot 6, in block 28, of the Huber tract, said lot being situate at the southwest corner of Hope and Eighth streets," the description is sufficient, although that lot and block are on the north-east corner of the streets, and part of the building is on lot 7, it not appearing that any other building had been erected by the owner at the intersection of such streets, than the one at the northeast corner. The description of the block identifies the location of the lot, and the call for the "southwest" corner of the streets may be rejected as would be a false call in a deed of conveyance.

ID. — FORECLOSURE OF LIEN — PLEADING — AMENDMENT *TO CONFORM TO* PROOFS — INSUFFICIENT DESCRIPTION — SALE OF ENTIRE BUILDING. — In an action to foreclose a mechanic's lien, where it is shown that the building sought to be charged is upon more land than is described in the complaint, but the claim of lien is sufficient to embrace the entire building, the court should direct an amendement to the complaint to conform to the proofs; and a decree directing the sale of only that part of the building which is upon the land described in the complaint is erroneous. The court should direct a sale of the entire building, and such land as it should determine to be required for the convenient use and occupation thereof.

ID. — AMOUNT OF LAND FOR CONVENIENT USE — ISSUABLE FACT — PLEAD-ING. — The amount of land which may be made subject to a lien for work done, or materials furnished for a building constructed thereon is an issuable fact, and can be determined by the court only when such issue is presented by the pleadings, under appropriate averments.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Guthrie & Lee,* and *Wells, Monroe & Lee,* for Appellants.

*Johnston & Borden, Barclay, Wilson & Carpenter,* and *Adams & Rhodes,* for Respondents.

HARRISON, J. — In August, 1887, the appellants made a contract in writing with one Lane for the construction of a frame building. Lane commenced work under the contract in August, but the contract was not filed in

the recorder's office until October.  The court finds that the building was completed February 23, 1888, and also that in January it had been accepted by the architect as finished, and that upon such acceptance it had been occupied by the appellants prior to its actual completion. Claims of lien in behalf of the three plaintiffs herein were filed in the recorder's office on the eighth, fifteenth, and seventeenth days of March respectively, and the said claimants having thereafter begun separate actions for their enforcement, the three actions were consolidated, and upon their trial, judgment was rendered in favor of the plaintiffs, from which, and from an order denying a new trial, the defendants have appealed.

The lot of land upon which the building was constructed is situated at the northeast corner of Hope and Eighth streets, in Los Angeles, and is a portion of block 28 of the Huber tract, having a frontage on Hope Street of about seventy feet.   Block 28 has a frontage of three hundred feet on Hope Street, and had been mapped into six subdivisions, with a frontage of fifty feet each upon that street.   Kremer had at one time owned the whole of the block, but, prior to making the contract with Lane, had sold and conveyed all except this lot, embracing lot 6 and a part of lot 7 of the original subdivision. The building in question was placed about twenty-four feet north from Eighth Street, and was of such dimension that it covered portions of lot 6 and lot 7.

In the claim of lien filed by the California Door Company, one of the plaintiffs herein, the lot upon which the building was constructed is described as "lot 6, in block 28, of the Huber tract, said lot being situate at the *southwest* corner of Hope and Eighth streets, in said city," the description in the other claims locating the lot at the northeast corner of these streets.

1.  The failure to file the contract in the recorder's office before the work was commenced rendered the contract "wholly void" (Code Civ. Proc., sec. 1183); and under the principles announced in *Willamette Steam Mills Co.* v. *Los Angeles College Co., post,* p. 229, the plain-

tiffs could file their claim of lien at any time within thirty days after the actual completion of the building, irrespective of its previous acceptance and occupancy by the owner.

2. The time at which the building was completed was a question of fact to be determined by the trial court. Upon this question the evidence before it was conflicting, and we must accept its determination as correct. Whether the items of work which were done after the date at which the appellant claims the building was completed were a "trivial imperfection" was also a matter of fact to be determined by that court. (*Harlan* v. *Stufflebeam*, 87 Cal. 508.) It cannot be said as matter of law that any failure of completion is a "trivial imperfection."

3. The statute (Code Civ. Proc., sec. 1183) provides that material-men and laborers performing labor upon, or furnishing materials to be used in the construction of, a *building*, etc., shall have a lien "upon the property upon which they have bestowed labor or furnished materials"; and section 1187 requires that every person claiming the benefit of the chapter shall, within thirty days after the completion of the *building*, file for record with the county recorder of the county in which *such property* is situated, a claim containing "a description of the property to be charged with the lien sufficient for identification." In the present case the "property" upon which the plaintiffs bestowed labor and furnished materials, and upon which they claim a lien, is the "building" which was constructed under the contract with Lane, and the description of that "property" which they are required to give in their claim of lien is only such a description as would be "sufficient for identification."

We are of the opinion that the description of the property in the claim of lien filed by the California Door Company is a sufficient compliance with the statute. It is stated therein that the materials had been furnished and used in a building which Kremer had caused to be

constructed under a contract with Lane "upon lot 6, in block 28, of the Huber tract," in Los Angeles.   The further statement, that said lot was " situate at the southwest corner of Hope and Eighth streets, in said city," instead of at the northeast corner, was immaterial, and would have been rejected as a false call in a deed of conveyance.   As it did not appear that the appellants had caused the construction of any other building at the intersection of Hope and Eighth streets than the one at the northeast corner, the further statement that the building was in block 28 of the Huber tract fully identified its location. Nor was the sufficiency of the description impaired by the statement that the building was on lot 6 in that block.   The greater portion of it was in fact upon that lot, and the building intended was thus sufficiently identified, notwithstanding it extended a short distance beyond the line of division between the two lots.   If there had been a building upon each of the lots, and the plaintiff had stated that the building upon which he claimed the lien was upon lot 6, he might have been precluded from enforcing a lien against the one upon lot 7, but, in the absence of any ambiguity or uncertainty, the statement must be held sufficient, whenever it can be determined from it what building was intended; and, as a general rule, the sufficiency of the description is a question of fact to be determined by the trial court.   The claimant is not required, before filing his claim of lien, to make an accurate survey of the lot upon which the building stands, at the risk of losing his lien if he makes a slight mistake in giving its boundaries, nor is he even required to give the boundaries of the lot.   Mr. Phillips, in his treatise on Mechanics' Liens, sec. 379, says: "The best rule to be adopted is, that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient.   There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should pre-

pare their own papers; aud it is not necessary that the description should be either full or precise." (See also *Kennedy* v. *House*, 41 Pa. St. 39; 80 Am. Dec. 594; *McClintock* v. *Rush*, 63 Pa. St. 205; *Northwestern Cement etc. Co.* v. *Norwegian etc. Seminary*, 43 Minn. 449; *Cleverly* v. *Moseley*, 148 Mass. 280; *Seaton* v. *Hixon*, 35 Kan. 663; *Hotaling* v. *Cronise*, 2 Cal. 60; *Tredinnick* v. *Mining Co.*, 72 Cal. 78.)

4. In an action to foreclose the lien, it is, however, necessary that the property which the plaintiff seeks to subject to a sale therefor should be definitely described, and that the judgment should specifically designate the property affected by the lien and directed to be sold, otherwise the officer executing the judgment can neither point out the property which he offers for sale, nor place the purchaser in possession thereof, and the deed which he may execute will not convey any title; and as the judgment must follow the complaint, it is essential that the complaint should itself contain such specific description. In the complaint of the Los Angeles Planing Mill Company it is alleged that the building is " upon that certain lot or parcel of land situate in the city and county of Los Angeles, state of California, at the northwest corner of Eighth and Hope streets." A conveyance in which that was the only description would be void for uncertainty. In the complaints of the other plaintiffs the lot is described as " lot six (6), in block twenty-eight (28), of the Huber tract, in said city," one of said complaints stating that said lot is " situate at the corner of Hope and Eighth streets, in said city," and the other that it is at the northeast corner of said streets.

The court, however, found that the building is upon the lot, in said city, " on the northeast corner of Eighth and Hope streets, said lot being more particularly described as lot 6, and the southerly ten feet of lot 7, block 28, of the Huber tract." In its decree, it, however, directs that only that part of the building which is upon lot 6 shall be sold.

In this respect the court erred. The statute gives a

lien upon the entire building for any portion of the labor done or materials furnished therefor, and there is no provision for a lien upon a portion of a building, or for the sale of a part of a building to satisfy a lien upon the whole.   We have already seen that the claims of lien as filed were sufficient to embrace the entire building, and when it was shown that the building was upon more land than was described in the complaint, the court should have directed amendments to be made to the complaints, so that they might conform to the proofs, and should then have directed a sale of the entire building, and such land as it should determine to be required for the convenient use and occupation thereof.

5. The statute (Code Civ. Proc., sec. 1185) provides that "the land upon which any building . . . . is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment," is also subject to the lien.   The amount of land thus to be made subject to the lien is an issuable fact (*Green* v. *Chandler*, 54 Cal. 626), and can be determined by the court only when such issue is presented by the pleadings.   The land upon which the building is constructed is necessarily subject to the lien, to the extent of the owner's interest therein, but 'if the plaintiff would claim that more than that is required for the convenient use and occupation of the building, and have the same sold in satisfaction of his lien, he must make appropriate averments therefor.   Although the finding of the court that the southerly ten feet of lot 7 and the northerly thirty-nine feet of lot 6 are required for the convenient use and occupation of said building, was in accordance with evidence introduced therefor, neither of the complaints made any such averment, and before making such finding, the court should have directed the complaints to be amended therefor.

The judgment and order denying a new trial are vacated, and the court below is directed to permit the plaintiffs to amend their complaints in the matters in-

dicated in this opinion, and thereupon to enter its judgment in their favor upon the findings already made.

GAROUTTE, J., McFARLAND, J., PATERSON, J., and SHARPSTEIN, J., concurred.