[No. 18272.        Department Two.—November 25, 1895.]

JOHN FERNANDEZ ET AL., RESPONDENTS, *v.* I. C. BURLESON, ETC., ET AL., APPELLANTS.

MECHANIC'S LIEN—MISDESCRIPTION OF PROPERTY IN CLAIM.—Where there is no description in the notice of lien sufficient to identify the mining claim upon which the work was actually done with reasonable certainty, to the exclusion of other premises, the notice of lien is insufficient.

ID.—NOTICE OF LIEN NOT AMENDABLE—PARTICULAR DESCRIPTION CONTROLLING.—The notice of lien is not an instrument susceptible of reformation, and the monuments and lines by which the property is said in the notice to be particularly described cannot be expunged from the notice, but must be read as part of it, and are of the essence of the description, and must control it.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. BEARD, Judge

The facts are stated in the opinion.

*Warren & Taylor,* and *T. M. Osmont,* for Appellants.

The description of the claim of lien is insufficient, and cannot be applied to the mine sought to be fore-

closed to the exclusion of other property. (*Willamette etc. Co.* v. *Kremer*, 94 Cal. 209; *Goodrich Lumber Co.* v. *Davie*, 13 Mont. 76.)

*James F. Farraher*, for Respondents.

The identifying sufficiency of the notices of liens was a question of fact, which it was the province of the trial court to determine. `(*Tredinnick* v. *Red Cloud Min. Co.*, 72 Cal. 80; *Willamette etc. Co.* v. *Kremer*, 94 Cal. 209.) The claims of lien are to be viewed in their entirety, and must be liberally construed. (*Tredinnick* v. *Red Cloud Min. Co.*, *supra; White* v. *Stanton*, 111 Ind. 540; *McNamee* v. *Rauck*, 128 Ind. 59; Phillips on Mechanics' Liens, 379.)

BRITT, C.—Plaintiffs, eight in number, united in this action under the permissive clause of section 1195 of the Code of Civil Procedure, to enforce liens claimed by them, respectively, for balances due from defendants on account of labor performed by plaintiffs, severally, at the request of defendants, on a mining claim in Siskiyou county. Defendants constitute a mining partnership under the name of Burleson & Parsley; they owned a mining claim called the "Bare Bar" claim, and employed plaintiffs to work thereon; their answer admitted that the balances alleged are due to the plaintiffs, respectively, but denied that the work was done on the premises described in plaintiffs' several claims of lien. There was judgment for the plaintiffs—seven of them—directing the sale of said "Bare Bar" property, and the application of the proceeds to the payment of the demands of the successful plaintiffs, with costs and attorneys' fees; the correctness of the judgment depends upon the answer to the question whether the property thus directed to be sold is described at all in the claims of lien filed in the office of the county recorder under section 1187 of the Code of Civil Procedure. In this particular the notices were all in the same form; that of Fernandez, taken as an example,

stated: " I . . . . give notice of my intention to hold
and claim a lien . . . . upon that certain mining claim
situated in the Virginia Bar mining district, county of
Siskiyou, state of California, particularly described as
follows [giving a specific description by monuments,
metes, and bounds], containing twelve acres, more or
less, . . . . with all improvements, including wheels,
pumps, and all mining facilities and appurtenances
situated thereon. The said lien being claimed and
held for . . . . work done . . . . upon said premises
. . . . from the 27th day of June, 1892, to the 8th day
of September, 1892, . . . . at the special instance and
request of Burleson & Parsley, the owners and reputed
owners thereof."

It is conceded that the description by monuments,
metes, and bounds, thus stated, does not apply in any
part to the " Bare Bar" property, where plaintiffs did
their work, but does apply with entire accuracy to an
adjoining mining claim known as the " Otto Bar," in
which defendants had, with other persons, some inter-
est, but which was not worked at all during the year
1892. It was in evidence, however, that there were no
wheels, pumps, or mining facilities on the " Otto Bar"
mining claim, while there were such on the " Bare Bar"
claim; that mines in the vicinity were "generally
known by the names of the parties running them ";
that the " Bare Bar" claim was commonly called the
Burleson & Parsley claim; that mining claims were
somewhat numerous in that neighborhood, but defend-
ants worked no other.

The court found that the claims of lien as filed con-
tained a description of the property intended to be
charged sufficient for identification, and that any one
familiar with the locality can readily identify the
" Bare Bar" mine as the mining claim which plaintiffs
intended to charge with their liens. We discover no
evidence to justify this finding.

The contention of respondents' counsel, as we under-
stand it, is that the boundaries given in the claim of

lien may be disregarded, and that the other circumstances stated, viz., that the lien is claimed upon mining ground, in a specified mining district, with all improvements, including wheels, pumps, etc., situated thereon, for work done by the claimant between specified dates, at the request of Burleson & Parsley, the owners and reputed owners thereof, will "enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others," and hence is sufficient. (*Willamette etc. Co.* v. *Kremer,* 94 Cal. 209.) But, in the first place, there is no warrant in the law, or in the abstract equity of the case, for rejecting the boundaries by which the notice of lien states that the property is "particularly described." One of the most important requirements of the statute governing the creation of such liens is that the notice shall contain a description of the property to be charged sufficient for identification. (Code Civ. Proc., sec. 1187.) Without such description the notice would in some instances be of no value to the owner, and could rarely be of any use to creditors, purchasers, or other lien claimants dealing with the land. (Phillips on Mechanics' Liens, sec. 378.) If this were a case of mistake as to some incident of the description, the mistaken circumstance, like a false call in a deed, would be rejected (*Willamette etc. Co.* v. *Kremer, supra*); but, on the contrary, the error is of the essence of the description. To reject the particular description and rely on the adventitious circumstances which accompany it would be to invert the maxim that the incident follows the principal, and not the principal the incident (Civ. Code, sec. 3540); the notice of lien is not an instrument susceptible of reformation (*Goss* v. *Strelitz,* 54 Cal. 640); therefore, the monuments and lines by which the property is said in the notice to be "particularly described" cannot be expunged from the notice, but must be read as part of it; so read it is misleading in a particular where it should be substantially true. (*Wagner* v. *Hansen,* 103 Cal. 107.) Secondly, were the

particular description omitted and the other circumstances stated in the notice alone consulted, we do not think that a person familiar with the locality merely could thereby identify the premises with reasonable certainty to the exclusion of others; he would also need to know that the claimant worked on the premises, and when he worked there—knowledge of which matters cannot be implied from mere knowledge of the locality. Besides, the statute requires that the notice itself must describe the property on which the work was done. (Code Civ. Proc., secs. 1183, 1187.) A notice that the property to be charged is the property where claimant worked does not take the first step toward compliance with the statute. Nothing then remains except the reference to pumps, wheels, and mining facilities, and to the names of the owners; it is shown affirmatively that the defendants claimed and were reputed to own an interest in the "Otto Bar" mine; and the reference to the wheels, pumps, etc., is—on our present assumption—to them as situate upon unascertained land. On these facts, at the very most, one might suspect that the "Bare Bar" mine was intended, but that he could identify it with reasonable certainty to the exclusion of other premises is incredible.

The judgment and order should be reversed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

                    TEMPLE, J., HENSHAW, J., McFARLAND, J.