[Civ. No. 606.   Second Appellate District.—February 16, 1909.]

# D. I. NOFZIGER LUMBER COMPANY, a Corporation, Appellant, v. MARTHA B. WATERS, F. A. WATERS, L. A. WATKINS et al., Respondents.

MECHANICS' LIENS—NOTICE OF LIEN—DESCRIPTION OF PROPERTY SUFFICIENT FOR IDENTIFICATION ESSENTIAL.—In order to bind the property of the owner of a building erected on his lot with notice of lien filed under section 1187 of the Code of Civil Procedure, such notice must contain a description of the property sought to be charged with liens, sufficient for identification thereof.

ID.—INSUFFICIENT NOTICES—BUILDING NOT IDENTIFIED—OTHER PROPERTY DESCRIBED.—When it appears that the only lot owned by the person causing the building to be erected thereon was lot 18 in block 4 of a specified tract, and that the notices of liens in controversy for materials furnished contained no description of the building by its general location, but merely misdescribed the property sought to be charged as lot 18 in block 5 of the same tract, which has an existence, the liens are thereby rendered invalid.

ID.—NEW SECTION OF CODE NOT RETROACTIVE.—Section 1203 of the Code of Civil Procedure, as enacted in 1907 (Stats. 1907, p. 858), can have no effect upon the validity or invalidity of liens, when the proceedings in the action to enforce the same were had prior to its enactment.

ID.—MISDESCRIPTION OF LOT IN CONTRACT—INVALIDITY—OWNER NOT ESTOPPED TO CONTEST INVALID LIENS.—When the recorded contract, by mistake of the architect in drafting the same, misdescribed the lot on which the building was to be erected in the same manner as in the notices of liens, and thereby failed to describe the lot to be affected by the contract, as required by section 1183 of the Code of Civil Procedure, the effect is the same as if no contract was made, and the property of the owner is chargeable to the full with valid liens; but he is not thereby estopped from contesting the validity of liens not chargeable against his property under section 1187 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Scarborough & Bowen, for Appellant.

E. R. Bohan, for Respondents.

SHAW, J.—Plaintiff sues to foreclose two liens (one claimed in its own right and the other as assignee) for materials furnished and used in the construction of a building for defendant Waters. Judgment went for Waters, and plaintiff appeals therefrom on the judgment-roll.

Waters entered into a written contract with one Watkins, a contractor, whereby the latter agreed for the consideration specified in said contract, to be paid in installments as therein provided, to construct for Waters a building upon lot 18 in block 5 of the Hutchinson tract in the city of Los Angeles, California, the cost of which building was upward of one thousand dollars. This contract was duly filed with the county recorder. In form it complied with the provisions of section 1183, Code of Civil Procedure, but through inadvertence and mistake, as found by the court, the description of the property to be affected thereby was erroneously inserted as being lot 18 in block 5, whereas the property owned by Waters so affected, and upon which the building was constructed, was lot 18 in block 4 of said tract.

Plaintiff and its assignor furnished materials to the contractor to be used, and which were used, in constructing the building. These materials were not paid for; and thereupon plaintiff and its assignor filed their notices of liens, wherein, in describing the property, they copied the erroneous description contained in said contract and designated the property as being lot 18 in block 5 of said Hutchinson tract.

The court found, among other things, that plaintiff and its assignor, before filing said notices of liens, examined the contract under which the building was constructed and thereby ascertained that such contract described the lot upon which the building was to be constructed as lot 18 in block 5 of said Hutchinson tract; that in response to an inquiry, as to the correctness of this description, the architect who prepared the plans for and superintended the erection of the building informed them that such description was correct; that such erroneous description was inserted in said contract and such information given by the said architect through inadvertence and mistake, and not for the purpose of deceiving or defrauding anyone; that in said Hutchinson tract there was at the time a lot numbered 18 and a block numbered 5, also a lot numbered 18, and a block numbered 4,

the last-named lot being the sole and only one then owned by defendant Waters, and upon which said building was erected. As a conclusion of law, the court found that the notices of said liens which it was sought to foreclose did not contain a description of the property to be charged with the liens sufficient for identification, and that the erroneous description in the contract and information regarding the description given by said architect did not estop defendant Waters from disputing the validity of the liens.

The questions involved are: 1st, the sufficiency of the description under section 1187, Code of Civil Procedure; and, 2d, whether the facts found estop defendant Waters from questioning the sufficiency of the description.

Regarding the first point, section 1187 of the Code of Civil Procedure provides that the notice of lien shall, among other things, contain a description of the property to be charged with the lien sufficient for identification. Neither plaintiff nor its assignor seeks to identify the property by describing the building and its general location, but they resort to a description by lot and block according to the plat or map, which is not only certain but constitutes the usual means of identifying urban property. While the description, "Lot 18, Block 5, of the Hutchinson tract" (giving book and page where official map thereof is recorded in the proper office), affords a ready means for locating such lot, it in no wise identifies lot 18, block 4, against which it is sought to enforce the liens. Indeed, the accurate and certain description in the notice of lien upon lot 18 in block 5 necessarily precludes the idea that such description could have reference to or afford any means for identifying property in some other block in said tract. (*Willamette etc. Co.* v. *Kremer,* 94 Cal. 205, [29 Pac. 633]; *Fernandez* v. *Burleson,* 110 Cal. 166, [52 Am. St. Rep. 75, 42 Pac. 566]; *Goodrich Lumber Co.* v. *Davie,* 13 Mont. 76, [32 Pac. 282].) The liens cannot be enforced against the property described as lot 18 in block 4 of said tract, for the reason that no claim of lien was filed containing a description whereby said property could be identified. We forbear any discussion of the effect which section 1203a (Stats. 1907, p. 858) might have upon the case, for the reason that all proceedings in the action were had prior to the enactment of said section.

Appellant's second point is likewise without merit. Under the constitutional direction (Cal. Const., art. XX, sec. 15), the legislature has enacted sections 1183 and 1187, Code of Civil Procedure. By complying with the provisions of the former section the owner may limit the amount to which his property may be subjected to the enforcement of liens for materials furnished at the instance of the contractor. Failing to do so, the materials are deemed to be furnished at the personal instance of the owner; and the party so furnishing the same has a lien for the entire value thereof (*Southern Cal. L. Co.* v. *Schmitt,* 74 Cal. 625, [16 Pac. 516]), provided he complies with the provisions of said section 1187 in filing the demand containing, among other things, a description of the property sufficient for the identification thereof. The fact that the owner neglects to avail himself of the means afforded by section 1183 for limiting the amount of liens which may be enforced against his property cannot relieve the materialman from complying with the provision of section 1187 thereby made a condition, without regard to the validity of the contract, of enforcing a lien for materials furnished. The effect of a failure to set forth in a contract, or memorandum filed in lieu thereof, all matters specified in section 1183, so far as regards the rights of one furnishing material, is identically the same as though there had been no attempt to make a contract. In either case, such failure, if there be a valid lien, subjects the owner to the penalty of paying the full value of the materials furnished. (*Snell* v. *Bradbury,* 139 Cal. 379, [73 Pac. 150].) But it does not estop the owner from controverting the validity of a lien upon the ground that the claimant has neglected to comply with any requirement prescribed by section 1187 as a condition of enforcing his lien.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.