(No. 4977. August 1, 1928.)

HENRIETTA KARLSON, Respondent, v. NATIONAL PARK LUMBER COMPANY, Appellant.

[269 Pac. 591.]

F. A. Soule, for Appellant.

F. A. Miller, for Respondent.

GIVENS, J.—Respondent brought this action for damages for the removal of a house situate on lot 6 of block 33, Parker townsite, Fremont county, Idaho. The complaint alleges respondent is the owner of said lot 6; that prior to the wrongful acts complained of there was a certain dwelling-house on, and attached to, said lot, the property of plaintiff; that on or about October 12, 1923, against her will, defendant forcibly and unlawfully removed said house, and converted the same to its own use to plaintiff's damage, etc. The answer denies there was any house located on said lot 6 belonging to plaintiff, denies the removal or the conversion to its use, and denies that it has damaged plaintiff. Further answering, defendant plead as an estoppel the foreclosure of a mechanic's lien against said house, in which proceeding plaintiff was named as a party defendant. The court found for the plaintiff, fixing her damages at $500.

On May 3, 1920, appellant, as plaintiff, commenced an action in the court below against L. E. Karlson, Leah Karlson, his wife, and Henrietta Karlson, respondent, to foreclose a materialman's lien, alleging in paragraph 2 of the complaint:

"That between the first day of January, 1919, and the 23rd day of August, 1919, the defendant, L. E. Karlson, caused to be repaired and altered that certain frame building formerly used as a granary and repaired or altered by use of material furnished by plaintiff in such way as to construct the same into a dwelling-house, and which building was and is now upon the following described land, to wit:

"Lot three of Block thirty-three of the town of Parker, Fremont county, Idaho, as per the recorded plat thereof in the office of the County Recorder of said County and State.

"That the said defendant, L. E. Karlson, was at all times herein mentioned the owner or reputed owner of said real estate, and was also the person having in·charge the said alteration and repair of said building upon said real estate."

Then follow the usual allegations of contract with L. E. Karlson; the furnishing of material for the alterations and repairs to the extent of $492.15 "upon the above-described real estate as aforesaid," and the formal allegations relative to the execution and record of the claim of lien; that "all of the real estate above described" is necessary for the convenient use and occupation of said building "upon said premises"; and for attorney's fees; the final allegations of the complaint being as follows:

"That the said defendant, Leah Karlson, wife of said L. E. Karlson, and also the said defendant, Henrietta Karlson, claim to have some right, title and interest upon said premises, but this plaintiff alleges that whatever right or claim of lien either or any of said defendants have, is subsequent in time and inferior in right and subject to the claim of this plaintiff by reason of its said lien."

The prayer contains the following:

"That the said defendant, Leah Karlson, his wife, and the said Henrietta Karlson, be required to set forth whatever claim they may have or claim in or to said premises; that it be adjudged that the said described building and premises be sold," etc.

The defendants were all served with process and defaulted. On June 18, 1921, decree was entered, reciting among other things, that "plaintiff is entitled to recover herein as prayed for in its complaint," and decreeing "that all the claims of Leah Karlson, wife of L. E. Karlson, and also of Henrietta Karlson, in and to the property herein described" are inferior to plaintiff's right, etc., and are canceled and declared null and void. The decree orders sold to satisfy the judgment against L. E. Karlson "all and singular the property hereinafter described and mentioned in said plaintiff's complaint." The decree concludes with the following paragraph:

"The lands foreclosed herein, and ordered sold under and by virtue of this decree, are situate in Fremont County, Idaho, and more particularly described as follows: to wit:

"Lot three of Block thirty-three of the town of Parker, Fremont County, Idaho, as per the recorded plat thereof in the office of the County Recorder of said County and State."

Execution, foreclosure and sale followed.

The description in the sheriff's deed contains the identical description with the added phraseology, "together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining," etc.

It appears from the evidence that lot 6 adjoins lot 3 on the south; that the building, originally a granary, is 18 by 28 feet, of the shack type, and originally stood upon lot 6, except about two feet of the northerly end which was on lot 3 (the court found that one and a half feet were on lot 3); that respondent is and has been the owner of lot 6 and the building situate thereon for a number of years.

Appellant offered evidence to the effect that the house moved by it was the house for the alteration and repair of which the materials were furnished, and there is no question as to the identity of the building involved.

The principal assignments of error go to the failure of the court to sustain the defense of *res judicata.* Appellant relies solely upon the proposition that it has been adjudicated between the parties to this action "that the house was located upon lot three and not upon lot six." The vital question in the instant case relates to the ownership of the building; the object of the foreclosure action was to establish a lien upon a house and sufficient land for its convenient use and occupation.

A materialman's lien may not be foreclosed on land when there is no structure on the land for which the materials were furnished. (C. S., sec. 7344; 40 C. J., p. 64, sec. 31 et seq.; 40 C. J., pp. 272–275, sec. 338 et seq.) In the previous action, therefore, to make a valid judgment, it was necessary to find and judicially determine the location and ownership of the building involved which is the same building as herein considered. (40 C. J., p. 222, sec. 267.) So far as the present action affects the previous action and

the judgment therein, it constitutes a collateral attack (34 C. J., p. 520, sec. 827), and the reference in the previous judgment to the complaint sufficiently identifies the building, even though the same was not specifically mentioned. (*Willamette Steam Mills Co. v. Kremer,* 94 Cal. 205, 29 Pac. 633; 34 C. J. 503.)

As against a collateral attack, all presumptions are in favor of the judgment (34 C. J., p. 537, sec. 841), and matters which appear from other parts of the judgment-roll need not be cited in the judgment itself. (33 C. J., p. 1194, sec. 125.) The judgment-roll, consisting, among other records, of the complaint and the judgment, sufficiently indicates that the court in the previous action determined that the building in controversy was on lot 3, and in order to make a valid judgment the court had to so find. This finding was conclusive on the plaintiff herein by reason of her having been served with process and defaulted.

"Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not." (34 C. J., p. 743, sec. 1154.)

Every presumption being in favor of the judgment, the conclusion is inevitable that the previous judgment settled the title, and so far as the location was essential to such question, it settled the location of the building involved herein.

Plaintiff is therefore estopped by that judgment to make any claim to the building. (34 C. J., p. 750, sec. 1162.)

The judgment is reversed, with instructions to enter judgment for appellant. Costs awarded to appellant.

Budge, Taylor and T. Bailey Lee, JJ., concur.