[Civ. No. 7104. First Appellate District, Division Two.—November 6, 1929.]

L. J. BOTHUM, Respondent, v. CHARLES W. KREIS et al., Defendants; ISADORE and IDA REESE, Appellants.

D. Howard Painter and Glen Behymer for Appellants.

Nathan M. Dicker and Sidney Sampson for Respondent.

KOFORD, P. J.—Plaintiff obtained a judgment and decree of foreclosure of a materialman's mechanic lien against the property of the appellants.

The sole contention on appeal is that the plaintiff's claim of lien is invalid because of its many faults of description of the appellants' property against which the lien is claimed.

The appellants' said property is correctly described as follows: Lot five (5), block twelve (12), Brooklyn Heights Ganahl Tract, as per map thereof recorded in book 22, page 17 of miscellaneous records of Los Angeles County, California, said premises being known as 2436 Folsom Street, Los Angeles, California.

The description in the claim of lien gave the street number wrong, omitted to give the number of the tract block, omitted the word "Ganahl" in the name of the tract and referred to book 22 of maps instead of to book 22 of miscellaneous records. It read as follows: "2546 Folsom street, Los Angeles, California, and which premises claimant is informed and believes to be described as lot five, Brooklyn Heights Tract, as per map thereof recorded in book 22, page 17 of maps, records of Los Angeles County, California."

The other statements required by law to be incorporated in the claim of lien are not said to be in any way lacking.

Appellants claim the lien does not contain a description of the property "sufficient for identification" as is required by the terms of the Code of Civil Procedure, section 1187.

Appellants cite several decisions upon the sufficiency of the description, but these decisions were rendered before the adoption of Code of Civil Procedure, section 1203a, in 1907 (Stats. 1907, p. 858). The law of that section was moved into section 1203 in 1911 (Stats. 1911, p. 1319), and has since remained there. The intent of Code of Civil Procedure, section 1203, is expressed in *Ogram* v. *Welchoff*, 40 Cal. App. 301 [180 Pac. 631, 632], as follows: "Some of the earlier constructions of these sections, although purporting to follow the rule of construction laid down in section 4 of the Code of Civil Procedure, were still somewhat technical, and the legislature showed its disapproval of the method followed by adding to the law on the subject section 1203, which directs that certain kinds of mistakes in claims of lien which theretofore had been held sufficient to invalidate them should not be given that effect; thus emphasizing the legislative intent that the greatest liberality consistent with the attainment of the object of the sections should be exercised in their construction." This section, so far as it applies to this case, reads as follows: "No mistake or errors in the statement . . . nor in the description of the property against which the claim is filed shall invalidate the lien, unless the court finds . . . " The remainder of the section either does not relate to defects in description or relates to facts which do not enter into this case; but it shows that the legislative intent was that the greatest liberality should be extended towards the other named defects in claims of lien. It reads: "unless the court finds that such mistake or error in the statement of the demand, credits and offsets, or of the balance due, was made with the intent to defraud, or the court shall find that an innocent third party, without notice, direct or constructive, has since the claim was filed, become the *bona fide* owner of the property liened upon, and that the notice of claim was so deficient that it did not put the party upon further inquiry in any manner."

With such liberality as the closing part of the section indicates shall be exercised in favor of the lien as against an innocent third party purchaser, there can be no doubt of the intention to exercise the greatest liberality in favor of the lien as against the owner who is not even mentioned among the two exceptions named in the section following the words "unless the court finds."

The good faith of the attempt to describe the property is not gainsaid, and it cannot be said that the property description in the claim of lien is so deficient as to describe no property at all. That is certain which can be made certain. We cannot say as a matter of law that the defects which admittedly exist in the description are such as not to enable "a party familiar with the locality to identify the premises intended to be described with reasonable certainty to the exclusion of others." Such was said to be the test even before the law now embodied in Code of Civil Procedure, section 1203, was enacted. (*Willamette S. M. Co.* v. *Kremer*, 94 Cal. 205, 209 [29 Pac. 633].) That section must mean that such a party shall ignore mistakes and errors and make a sincere attempt to ascertain what property is intended to be described. We are unable to say from the record that the word "Ganahl" is an indispensable word in naming the tract map; that there are other blocks in the tract besides block 12, and if so, that any of them contain a lot 5; that a reference to the recordation of the map was necessary, and if so, whether the reference to book of maps could lead anyone searching in the recorder's office to any other record than that which contained the record of the tract map intended; nor that the erroneous street number designated any actual street number or building on Folsom Street. The record of the proceedings in the trial court is very brief, having been made almost entirely by stipulation with respect to this particular claim of lien. It indicates that the parties submitted the case to the court to decide as a question of law whether the claim of lien contained a sufficient description of the appellants' property. We cannot say that the court erred in not holding the claim to be invalid. The judgment and decree appealed from are therefore affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1930.

All the Justices present concurred.