[Civ. No. 5770.   Third Appellate District.—February 11, 1937.]

JOSIE S. BISHOP, Respondent, v. HAYWARD LUMBER & INVESTMENT COMPANY (a Corporation), Appellant.

LeRoy Lorenz and Philip T. Lyons for Appellant.

Ray Bailey for Respondent.

PLUMMER, J.—The plaintiff had judgment in an action to quiet title to eleven quartz mining claims, known as "Beryl Mining Claims", all located in the Red Rock mining district in the county of Kern, state of California. From this judgment the Hayward Lumber & Investment Company, a corporation, appeals.

The court found that the plaintiff was the owner of all of said mining claims, and entered judgment to the effect that her title thereto be quieted, and especially as against any claims of the Hayward Lumber & Investment Company.

At the trial of the action the Hayward Lumber & Investment Company relied upon the record of certain purported foreclosure proceedings, and in support of its defense to the action, introduced the entire record of said purported foreclosure proceedings.

It was admitted upon the trial that proper location notices of the mining claims referred to had been filed as required by law, and that the plaintiff was in possession thereof. This admission is sufficient to support the finding of the court that the plaintiff was in possession, and the owner of the property mentioned in the complaint, and entitled to a decree quieting her title thereto as against the appellant, unless the appellant had acquired title thereto by its purported foreclosure proceedings.

It appears that a man by the name of H. W. Hess had purchased from the appellant certain lumber and materials, and the appellant had furnished to and constructed upon certain premises purporting to belong to H. W. Hess certain buildings, for which there was still due on the purchase price from said Hess the sum of $1157.17. The premises upon which the structures were erected were different from, and not the same premises claimed by the plaintiff on account of her min-

ing locations. Appellant, however, in its foreclosure proceedings purported to have foreclosure entered upon the premises belonging to the plaintiff, and to have proceeded with the issuance of an execution in support of its judgment of foreclosure, and also to have made sale thereof, and that a sheriff's deed had been executed and delivered to the appellant conveying all the right, title and interest of the plaintiff in and to said mining claims.

The complaint and summons in the foreclosure proceedings were served upon the plaintiff in this action, but being advised that it did not affect her premises, made no appearance and filed no answer in the foreclosure proceedings, and permitted the judgment therein, in so far as it purported to affect her interest, to be taken by default. In this action the appellant only has appeared and filed a brief in support of its appeal, the plaintiff not filing any brief by reason of her alleged financial inability to pay the costs of preparing and printing same. This has devolved upon us a careful examination of the transcript to ascertain whether the plaintiff's title to the mining premises in question has been divested by reason of the foreclosure proceedings, and thereby vested in the appellant.

An examination of the record discloses beyond question that the claim of the appellant to have acquired title to the premises in controversy is utterly untenable, and that so far as foreclosure proceedings are concerned and are purported to relate to the premises found by the court to be owned by the plaintiff, is wholly void.

Section 1187 of the Code of Civil Procedure, in authorizing the filing of a claim of lien by a materialman requires that there must be a description of the property contained in the claim of lien which is filed in the recorder's office. Turning to the claim of lien set forth in the transcript we find the following: "Notice is hereby given that the Hayward Lumber & Investment Company, a corporation, hereby claims a lien upon the premises hereinafter described, for building materials furnished H. W. Hess for use in, and which were used in the construction, alteration, addition to, or repair of certain buildings or improvements upon the parcel of land, situated in the county of Kern, State of California, described as follows: Section three (3), Township 29 South, Range 37 East, Mount Diablo Base and Meridian, as per government survey.

That H. W. Hess is the owner and the reputed owner of said premises,'' etc.

The costs of the improvements and the amount due are stated in following paragraphs. That, of course, is no description of any property described in the plaintiff's complaint. The plaintiff's complaint describes her property as located in section 30, township 29 south, range 37 east. No mention is made in the claim of lien filed by the Hayward Lumber & Investment Company, as we have said, of any of the mining claims mentioned in the plaintiff's complaint, and found to be owned by her.

The lien upon which the appellant's foreclosure proceedings rest is not one of defective description of the premises claimed and found to be owned by the plaintiff, but presents an instrument in which no description whatever is given of her property, and falls under the rule announced in the case of *Penrose* v. *Calkins,* 77 Cal. 396 [19 Pac. 641], where it is said: ''A notice of a mechanic's lien which entirely omits to describe the real estate sought to be charged with the lien, is fatally defective.'' And likewise, in the case of *Fernandez* v. *Burleson,* 110 Cal. 164 [42 Pac. 566, 52 Am. St. Rep. 75], where it is said: ''Where there is no description in the notice of lien sufficient to identify the mining claim upon which the work was actually done with reasonable certainty to the exclusion of other premises, the notice is insufficient.'' And in which case it is further held that the notice of lien is not an instrument susceptible of reformation. In other words, if the notice of lien is void or insufficient to identify the property and therefore is void, there is no method of reforming such an instrument, for the simple reason that the law requiring the filing of a notice of lien is intended to give the general public notice thereof, and the reformation founded upon the plaintiff's complaint, and judgment to that effect would be wholly ineffective to give notice of the lien to the general public as required by the Code of Civil Procedure.

The void character of the notice of lien, so far as being ineffective to describe the property of the plaintiff, appears in the judgment. There, the property purported to be covered by the foreclosure proceedings is described as follows: ''Section thirty (30) and that certain mining claim known as Morning Star No. 3, in Township Twenty-nine (29) South,

of Range Thirty-seven (37) East, Mount Diablo Base and Meridian, County of Kern, State of California." The sheriff's notice of sale described the property in the same manner. The sheriff's return of foreclosure describes the property in the same words, and the sheriff's deed purporting to convey title to the appellant is in exactly the same words. A judgment decreeing foreclosure upon land lying and being in the county of Kern, state of California, and bounded and described as section 30, is absolutely void for uncertainty, as there are a number of section thirties in the county of Kern. Likewise, the notice of sale following that description, is void for uncertainty, and a deed of, and conveyance of property mentioned simply as "Section 30" is void for uncertainty.

In this proceeding we are not concerned as to whether the further description of property described as, "that certain mining claim known as Morning Star No. 3, in Township Twenty-nine (29) South of Range Thirty-seven (37) East, Mount Diablo Base and Meridian, County of Kern, State of California", is sufficient to comply with the code provisions as to the description of the property, for the reason that the plaintiff's action does not involve any portion of said premises.

Upon this proceeding the appellant argues at length that a number of findings of the court are not supported by the testimony, to wit: All the findings of the court purporting to hold that the plaintiff was misled and lulled into security by reason of statements made by an agent of the company. In such particulars we may agree with the appellant, and yet, for the reasons which we have stated, the appellant sets forth no grounds for reversal.

It being admitted that the plaintiff is entitled to a decree unless her interest in the property described in the complaint has been divested by the foreclosure proceedings, and the foreclosure proceedings being insufficient to divest her title, any errors of the court as to the findings complained of could in nowise be prejudicial.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.