[Civ. No. 2608. Fourth Appellate District.—February 18, 1941.]

HAYWARD LUMBER & INVESTMENT COMPANY (a Corporation), Appellant, v. PRIDE OF MOJAVE MINING COMPANY (a Corporation) et al., Defendants; C. C. CALKINS et al., Respondents.

Philip T. Lyons for Appellant.

Alfred Siemon & Bennett Siemon and W. W. Kaye for Respondents.

KLETTE, J., *pro tem.*—This is an appeal from a judgment sustaining a demurrer to a third amended complaint without leave to amend, and dismissing the action. The complaint was to foreclose a materialman's lien, upon real property in Kern County, described as follows:

"*Northwest quarter (¼) of Section 33,* Township 11 North, Range 12 West, S. B. B. & M., and those certain mining claims

located within said quarter-section and known as 'Pride of Mojave', 'Four Star' and 'Enterprise.' "

The notice of lien, a copy of which was attached to the complaint as an exhibit, described the property as follows:

"*Section 22,* Township 11 North, Range 12 West, S. B. B. & M., and those certain mining claims in said section known as Pride of Mojave, Four Star and Enterprise."

■ It will be noted that the notice of lien describes the property as section *22,* while the complaint describes it as the *northwest ¼ of section 33.* In so far as the notice of lien gives the wrong section number, it is fatally defective. (*Bishop* v. *Hayward Lumber & Investment Co.,* 19 Cal. App. (2d) 234 [65 Pac. (2d) 125] ; *D. I. Nofziger Lumber Co.* v. *Waters,* 10 Cal. App. 89 [101 Pac. 38].) In the first of the above cases, the notice of lien described the property as section 3, while the foreclosure proceeding described it as section 30. In the second of the above cases the notice of lien described the property as lot 18 in block 5, while the property sought to be impressed with the lien was lot 18 in block 4. In each of these cases the court held that the lien could not be enforced, against the property described in the complaint.

■ Appellant urges, however, that the reference to the three mining claims, is a sufficient identification of the property. This contention is untenable. In the case of *Fernandez* v. *Burleson,* 110 Cal. 164 [42 Pac. 566, 52 Am. St. Rep. 75], plaintiffs performed labor on the Bare Bar mining claim. The notice of lien filed by them, referred to the claim as being in Virginia Bar Mining District, in Siskiyou County, California, and described it by monuments, metes, and bounds. This description did not fit the Bare Bar claim, but did fit an adjoining claim, the Otto Bar. The court held the description insufficient to charge the Bare Bar with a lien.

Appellant then relies on section 1203 of the Code of Civil Procedure, which provides that certain mistakes shall not invalidate the lien, and calls attention to the fact that the case of *Fernandez* v. *Burleson, supra,* was decided before this section was adopted. This is correct. However, the case of *Bishop* v. *Hayward Lumber & Investment Co., supra,* was decided long after the adoption of section 1203, *supra,* and contains the following statement of the law:

"The lien upon which the appellant's foreclosure proceedings rest is not one of defective description of the premises claimed and found to be owned by the plaintiff, but presents

an instrument in which no description whatever is given of her property, and falls under the rule announced in the case of *Penrose* v. *Calkins,* 77 Cal. 396 [19 Pac. 641], where it is said: 'A notice of a mechanic's lien which entirely omits to describe the real estate sought to be charged with the lien, is fatally defective.' And likewise, in the case of *Fernandez* v. *Burleson,* 110 Cal. 164 [42 Pac. 566, 52 Am. St. Rep. 75], where it is said: 'Where there is no description in the notice of lien sufficient to identify the mining claim upon which the work was actually done with reasonable certainty to the exclusion of other premises, the notice is insufficient.' And in which case it is further held that the notice of lien is not an instrument susceptible of reformation. In other words, if the notice of lien is void or insufficient to identify the property and therefore is void, there is no method of reforming such an instrument, for the simple reason that the law requiring the filing of a notice of lien is intended to give the general public notice thereof, and the reformation founded upon the plaintiff's complaint, and judgment to that effect would be wholly ineffective to give notice of the lien to the general public as required by the Code of Civil Procedure.''

The court holds that the mere reference to certain mining claims in the notice of lien, is not sufficient to cure the defect in the erroneous description of the property. They are described as being in *section 22,* and not in the *northwest quarter of section 33,* as set forth in the complaint. ■ It is a fact of common knowledge that extensive mining operations have been carried on in Kern County, ever since the creation of the county, and from all that appears, there may be many mining claims bearing the same name as those mentioned in the notice of lien.

The judgment appealed from is affirmed.

Barnard, P. J., and Griffin, J., concurred.