[Civ. No. 3085. Fourth Dist. May 24, 1943.]

TOM CAIN et al., Respondents, v. H. L. WHISTON et al., Defendants; WEST COAST IMPROVEMENT COMPANY (a Corporation) et al., Appellants.

Garnet C. Rainey, Edward D. Neuhoff, Montgomery G. Rice and Wild & Carlson for Appellants.

Dearing & Jertberg and Alfred Siemon for Respondents.

BARNARD, P. J.—This is an appeal from a judgment decreeing foreclosure of a mechanic's lien.

On August 8, 1940, the West Coast Improvement Company leased five acres of land which it owned to E. L. Cord for the purpose of drilling for oil. On the same day, Cord entered into a written agreement with H. L. Whiston which provided that Whiston was to install a derrick and drilling rig, with the necessary material and equipment, and drill an oil well on this land. A day or two later Whiston entered into an oral agreement with the plaintiffs under which the plaintiffs agreed to move a certain derrick and drilling rig onto this property and install it for the sum of $1,741 and to furnish certain labor and materials necessary in constructing the cement foundation work and certain pipe racks. The court found that this labor and materials were furnished and were of the reasonable value of $419.48. The derrick and drilling rig belonged to Whiston and was then situated on other premises some twenty miles away. The removal of the same to the land in question and its installation there involved its dismantling at the place where it was situated, moving it to this land and reconstructing it there.

On August 12, 1940, West Coast Improvement Company and Cord first learned that the plaintiffs were furnishing this labor and materials. On August 14, 1940, each of them posted on the property a notice of nonresponsibility in proper form, and copies of these were recorded on August 15, 1940. On November 13, 1940, the plaintiffs recorded a notice of lien covering the labor and materials above referred to and on December 14, 1940, they recorded an amended notice of lien correcting an error in the legal description of the five acres on which the drilling rig was installed. This action followed and the defendants West Coast Improvement Company and

E. L. Cord have appealed from the judgment entered in favor of the plaintiffs and decreeing, as against these defendants, that the plaintiffs have a lien upon the oil well rig and equipment and upon the oil well drilled therewith, and that the improvement be sold for the purpose of satisfying said lien.

It is first contended that the complaint fails to state a cause of action because it seeks a general lien under the first paragraph of section 1183 of the Code of Civil Procedure. It is argued that there can be no general lien on improvements placed upon oil property and that the mining lien provided for in the second paragraph of section 1183 covers only labor and materials furnished in the subtractive process of actually working the mine. The complaint alleged that this derrick and rig constituted an improvement upon this real property and that the described real property is necessary for the convenient occupation and use of this improvement. The prayer was for a lien upon said improvement and upon the land or such portion thereof as was reasonably required for the convenient use and occupation of the improvement. There is no evidence that the property was acquired under the mining laws, and the prayer was for a general lien. In the absence of supporting evidence we cannot assume as against the judgment that the property was a mining claim as such property is technically known under the mining laws. At the time the labor and materials in question were furnished there was no oil well upon this property and the drilling of such a well had not been commenced. Although this improvement was later used in drilling an oil well the labor and materials were not furnished while any mining operations were being carried on. We are unable to agree with the proposition that the respondents are entitled to no relief under section 1183. The cases cited by the appellant in support of their contention, that the only way a lien can be established upon an oil well itself is through a mining lien under the provisions of the second paragraph of section 1183, are not controlling here. While the court decreed a lien also on the oil well itself there is no evidence to support that part of the judgment and it may be eliminated without affecting the other part of the judgment. In our opinion, the complaint states a cause of action and the general lien provisions of the first paragraph of section 1183 are applicable.

It is contended that the first notice of lien filed on

November 13, 1940, was filed more than ninety days after the completion of the work in question and was, therefore, ineffective for any purpose. In support of this contention the appellants argue that it appears from the testimony of certain witnesses that the work in question was started on or before August 1, 1940, that certain "man days" were required for the work, and that by a mathematical computation it appears that the work must have been completed on or before August 14, 1940. The most that can be said is that there is a conflict in the evidence in this regard. The court found that the work and materials furnished by the respondents were not completed and furnished prior to August 15, 1940, and that the same were furnished and completed on or about August 26, 1940. These findings are supported by the evidence. One of the respondents testified that the agreement with Whiston for furnishing this labor and material was entered into between August 8 and August 10, that the work was started on August 10 or shortly thereafter, and that it was completed on August 31. The last invoice for materials, which is dated August 26, 1940, bears upon it a notation signed by the foreman "Received in good order."

The appellants urge that the evidence does not support the amount found to be due to the respondents and that the respondents forfeited all right to a lien by falsely stating the work and services performed and the amount due. It seems to be argued that everything done by the respondents was under their agreement with Whiston to be done and furnished for the flat price of $1,741, that the actual hauling of the equipment from a location twenty miles away to the land in question was done by Whiston, that the respondents are claiming a lien for this service which they did not perform, and that they are also claiming the value of materials furnished when these were included in the contract price. Assuming, but not holding, that a part of the evidence would justify this contention the evidence, in its entirety, supports the finding made in this regard. It is further argued in this connection that the amount for which the lien was allowed included the cost of dismantling this derrick and rig on the property on which it was situated some twenty miles away, and that this is a nonlienable item since the statute only allows a lien for labor and materials furnished in connection with an improvement on the land where the improve-

ment is erected. No cases are cited on this point and we know of no reason or principle supporting this contention. It was desired to remove a drilling rig owned by Whiston to the land in question. This involved dismantling the rig at one point and reconstructing it after it had been moved. The reconstructed rig constituted the improvement with which we are concerned. Apparently the dismantling of the rig in the former location was either a necessary or convenient prerequisite to its reconstruction in a new location. It appears from the evidence that it was cheaper to do this than to purchase a new drilling rig. The work of dismantling was a proper part of, and contributed to, the construction of the improvement on the premises in question. We are unable to see why the cost of such a preparation of materials or articles going into the construction of an improvement is not as much a part of the furnishing and erection of an improvement as would be the cost of preparing any other materials as, for instance, in a planing mill or in a foundry. In our opinion, this part of the amount due was not a non-lienable item.

The appellants contend that the description of the property in the notice of lien filed on November 13, 1940, was so erroneous as to make that notice of lien void and ineffective, that the error in description could not be cured by the notice of lien filed on December 14, 1940, since more than ninety days had elapsed since the completion of the work and that, therefore, no notice of lien was filed within the time required. Assuming that the amended notice of lien was ineffectual, as having been filed too late, we cannot agree that the first notice of lien filed on November 13, was so defective as to be void. That notice of lien described the property as "the oil well rig and oil well known and designated as E. L. Cord No. 1, located on the S.E. ¼ of Section 6, Township 20 S., Range 15 E., M. D. B. & M., in Fresno County, California." The real property was correctly described in the amended notice as the E. ½ of SW ¼ of NE ¼ of SE ¼ of Section 6, Township 20 S., Range 16 E., M. D. B. & M. The original notice incorrectly gave the range as 15, instead of 16. Section 1203 of the Code of Civil Procedure provides that no error in the description of the property shall invalidate the lien unless the court finds that it was made with the intent to defraud or that it affects the rights of an in-

nocent third party, and also finds that the notice of claim was so deficient that it did not put the party upon further inquiry. No such findings were made by the court here, and there was no evidence to support any such findings. ▮ The appellants complain because the court did not specifically find that the notice of lien filed on November 13, constituted a valid lien. The facts were alleged in the complaint, both notices of lien being attached thereto as exhibits, and the answer filed by respondents admitted the facts but denied their legal effect. No finding was necessary, therefore, and the question of the effect of the notice of lien is one of law.

▮ The appellants argue that section 1203, Code of Civil Procedure, is inapplicable here and rely on *Bishop* v. *Hayward L. etc. Co.*, 19 Cal.App.2d 234 [65 P.2d 125] and *Hayward L. etc. Co.* v. *Pride etc. M. Co.*, 43 Cal.App.2d 146 [110 P.2d 439]. In the first of these cases it was sought to quiet title to land in a certain section whereas the claim of lien in question described land in another section and the claim of lien made no mention of the mining claims themselves. In the second of these cases the notice of lien described the property as a certain entire section and certain mining claims therein known by certain names. The complaint described the property as a particular quarter of a different section. It was held that there was there involved not merely a defective description but a case of no description whatever. In the instant case, the claim of lien first states that a lien is claimed upon the oil well rig and oil well known and designated as E. L. Cord No. 1. Section 3203 of the Public Resources Code provides that before commencing to drill a well a notice shall be filed giving the number or designation by which the well shall be known. No evidence was introduced at the trial tending to show that the appellants were in any way deceived or that the rights of any third party were involved. As between these parties, and under the circumstances which here appear, we think the description in the notice of lien filed on November 13, 1940, was not so defective as to be entirely void and that the error appearing therein was not sufficient to invalidate the lien, especially in view of the provisions of section 1203.

▮ It is further argued that the notices of nonresponsibility posted and filed by the appellants, respectively, are a complete bar to any claim of lien upon the part of the re-

spondents. We think the principles laid down in *English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631 [20 P.2d 946, 87 A.L.R. 1281], are applicable here and furnish a complete answer to this contention. That case is factually quite similar to the instant case and the fact that here the lessee had not been dispossessed is immaterial, and the further fact that in the instant case the lease provided that the lessee might at any time remove the improvements from the property makes all the more applicable the rules announced in the case mentioned. It was there held that under the code provisions and the Constitution a mechanic's lien may exist on an improvement without attaching to the land itself. It was further held, in effect, that by filing a notice of nonresponsibilty, as provided for in section 1192, Code of Civil Procedure, the owner of the land or of an interest therein, may defeat the lien as against the land itself or as against his interest in the land, but that he cannot, by such notice of nonresponsibility, prevent the accrual of a lien against the improvement itself in favor of one furnishing labor or materials for the purpose of constructing that improvement. We think those principles are applicable here and that these respondents are entitled to a lien, notwithstanding the notices of nonresponsibility which were filed, upon the improvement to which they contributed by the labor and materials here in question. It appears, however, that the lien as recognized and enforced by the judgment goes farther than that to which the respondents are entitled. In the judgment it is provided that the respondents have a lien ''upon that certain oil well rig consisting of cement foundations, steel derrick, pipe rack, walks, and all rig accessories and equipment together with that certain oil well drilled and constructed with said rig upon'' the real property here involved. Under the holding in *English* v. *Olympic Auditorium, Inc., supra,* the respondents were not entitled to a lien upon this oil well itself nor upon the real property involved because of the filing of notice of nonresponsibility, but they were entitled to a lien upon that part of the improvement, to which they had contributed labor and materials, which was above the surface of the ground. The portion of the judgment enforcing a lien upon the oil well itself should be stricken. ■ The judgment also enforced a lien upon ''all rig accessories and equipment,'' being a part of this oil well rig. This is erroneous as it includes,

or may include, articles and equipment used in the drilling of this oil well which were not a part of the improvement erected by the respondents and in connection with which they had nothing to do. These are severable parts of the judgment which may be eliminated without affecting the lien to which the respondents are entitled upon the improvement to which they contributed labor and materials.

Other questions raised by the appellants require no consideration in view of what we have said on the matters herein discussed. That part of the judgment last above quoted is modified by striking therefrom the words ''cement foundations'' and the words ''and all rig accessories and equipment together with that certain oil well drilled and constructed with said rig.'' As so modified, the judgment is affirmed. Each party to pay his own costs on appeal.

Marks, J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 22, 1943.