[Civ. No. 5458. Fourth Dist. Sept. 16, 1957.]

CREDIT BUREAU OF SAN DIEGO, Inc. (a Corporation), Appellant, v. LOUIS A. WILLIAMS et al., Respondents.

Ruel Liggett for Appellant.

McInnis, Hamilton & Fitzgerald and William T. Fitzgerald for Respondents.

MUSSELL, J.—Plaintiff, as assignor of Roy F. Clark, a roofing subcontractor, brought this action to foreclose a mechanic's lien upon property in San Diego owned by respondents Homer M., Harold M. and June M. Collier. The trial court in its decree permitted recovery of a money judgment against the contractor, defendant Louis A. Williams, but denied the lien claim of Roy F. Clark upon the ground that his filed and recorded notice of lien did not sufficiently describe and identify the subject real property. Plaintiff appeals from that portion of the judgment decreeing that Roy F. Clark does not have any mechanic's lien and is not entitled to the foreclosure of any lien against the Colliers.

The mechanic's lien filed by Roy F. Clark described the property upon which he claimed a lien for labor and material as ''2152 California St., San Diego, Calif., which premises claimant is informed and believes to be described as lot 5, block 227.''

It appears from the record before us that California Street in San Diego runs generally north and south, commencing at Market Street (an east-west street). In the 800 block it extends northwestward to what is commonly called California Street Hill, at the top of which is Henry Street, in the 3900 block. A few feet south of the 3900 block on California Street there is a street running westerly and the numbers on it westward begin at 1900. This street is sometimes called West California Street. However, the city of San Diego has no official designation of any street known as West California Street. There are no houses in the 2100 block going northward on California Street from Market Street and this block is taken up largely with railway tracks running in a northerly and southerly direction, with a path approximately 20 feet wide on the west side of the tracks. There is no number 2152 on California Street in what would normally be the 2100 block

traveling northward thereon from Market Street. While there was testimony that block numbers from 200 up in what is known as Middletown Addition in San Diego would be on what is called West California Street, the notice of lien does not show that the premises involved herein were situated on Lot 5 in Block 227 in that addition nor does it contain a reference to any subdivision.

Roy F. Clark testified that he installed the roofing work and material on the premises which he described as in the city of San Diego "just off from Rodefer Hill, just south of Rodefer Hill" . . . "somewhere below Mission Hills on the bay side of Mission Hills."

The trial court found that the purported mechanic's lien filed by Roy F. Clark contained such an insufficient description of the property and premises on which said labor and materials were furnished that said description amounts to no description at all and that therefore Roy F. Clark has not acquired any mechanic's lien.

Section 1193.1, subdivision (j), of the Code of Civil Procedure provides in part that the claim of lien shall contain a description of the property sought to be charged with the lien sufficient for identification.

In *Union Lbr. Co.* v. *Simon,* 150 Cal. 751, 757-758 [89 P. 1077, 1081], it is said that whether the description in any particular case is sufficient for identification is a question of fact to be determined by the jury or the court upon a consideration of the circumstances of that case; that this provision of the statute implies that evidence may be received for the purpose of determining its sufficency, and such evidence will include the purpose for which the description is required as well as the persons who are to be affected by it; that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient; that if the description identifies the property by reference to the facts, that is, if it points clearly to a piece of property and there is no other one that will answer the description, it is sufficient.

In *Bishop* v. *Hayward Lbr. & Inv. Co.,* 19 Cal.App. 2d 234, 237 [65 P.2d 125], it was held that where there is no description in the notice of lien sufficient to identify the property upon which the work was actually done with reasonable certainty to the exclusion of other premises, the notice is insufficient.

Under the circumstances shown by the record the findings of the trial court as to the insufficiency of the description of the property involved herein are supported by substantial evidence and cannot be here disturbed. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].)

The judgment is affirmed.

Griffin, Acting P. J., concurred.